S93A1931, S93A1932. NORTH FULTON MEDICAL CENTER, INC. v. ROACH et al. (two cases).

(440 SE2d 18)

HUNT, Presiding Justice.

This appeal from the dismissal of North Fulton Medical Center, Inc.'s (North Fulton) actions for mandamus and judicial review is controlled by our recent opinion in *HCA Health Svcs. v. Roach*, 263 Ga. 798 (439 SE2d 494) (1994). Here, as in *HCA Health Svcs.*, a hospital owner brought an action against the State Health Planning Agency (SHPA) contending SHPA acted without authority in determining a competitor was not required to obtain a certificate of need under the Certificate of Need program, OCGA § 31-6-40 et seq., in order to relocate a facility.

1. In *HCA Health Svcs.*, we rejected the argument, also asserted in this appeal, that SHPA has discretion to exempt health care providers from the review procedures established by the CON program, and from the requirement of obtaining a certificate of need where, as here, the provider seeks to relocate a facility operating under the CON program (i.e., with a certificate of need or properly grandfathered as a facility pre-existing the CON program), in this case more than ten miles from its existing location. We pointed out in *HCA Health Svcs.* that nothing in the State Health Planning and Development Act (which includes the CON program) or in SHPA's rules promulgated pursuant to the Act, gives it discretion to exempt a facility like that in *HCA Health Svcs.*, or the facility in this case, from CON requirements if the facility is relocated. Accordingly, the trial court erred by holding to the contrary.

2. North Fulton raised its claims regarding SHPA's improper actions in two counts, one for judicial review and one for mandamus. The trial court dismissed the action in its entirety. Although North Fulton's action for judicial review, if it had a valid one, was timely (compare *HCA Health Svcs.*, Division 1), it is unclear from the record whether that remedy was available. If it were, the trial court erred in dismissing North Fulton's action for judicial review, but did not err in dismissing the petition for mandamus. *Henderson v. Carter*, 229 Ga. 876, 880 (5) (195 SE2d 4) (1972). If North Fulton did not have a proper remedy through judicial review of SHPA's determination, its claim for relief by mandamus was appropriate.

(a) North Fulton's claim for judicial review under the Administrative Procedure Act asserted that SHPA's letter determination that the relocation of the facility in question would not require a CON was a "declaratory ruling" under the APA, OCGA §§ 50-13-11; 50-13-19 (b). It is not apparent from the record whether the letter exempting the facility from CON review is, in fact, a "declaratory ruling," from

which North Fulton, as a competitor and aggrieved party,[1] could seek judicial review. OCGA § 50-13-19 (a); *Chattahoochee Valley Home Health Care v. Healthmaster, Inc.*, 191 Ga. App. 42, 43 (1) (a) (381 SE2d 56) (1989). Accordingly, the trial court's dismissal of North Fulton's action for judicial review is reversed and remanded for a determination of whether that review is available, and for further proceedings consistent with this opinion.[2]

(b) If the trial court determines judicial review is not available to North Fulton, then North Fulton's action for mandamus relief was appropriate, and should be granted consistent with this opinion. *HCA Health Svcs.*, supra.

*Judgment reversed and remanded. All the Justices concur.*

DECIDED FEBRUARY 21, 1994.

*Jones, Day, Reavis & Pogue, David J. Bailey, Ruth H. Gershon,* for appellant.

*Michael J. Bowers, Attorney General, Dennis R. Dunn, Senior Assistant Attorney General, William W. Calhoun, Staff Attorney, Powell, Goldstein, Frazer & Murphy, Randall L. Hughes,* for appellees.

---

[1] Contrary to the argument of amicus curiae Hospital Authority of Fulton County, despite the fact that North Fulton does not have a CON to operate a facility in the area where the Authority seeks to relocate its facility, North Fulton is, nevertheless, a competitor with standing as an "aggrieved party" under the APA, see *Chattahoochee Valley Home Health Care v. Healthmaster, Inc.*, 191 Ga. App. 42 (381 SE2d 56) (1989). North Fulton also has standing to seek mandamus to compel SHPA to enforce the CON laws under our decisions in *Diversified Health Mgmt. Svcs. v. Visiting Nurses Assn.*, 254 Ga. 500, 502 (4) (330 SE2d 885) (1985) and *Executive Committee v. Metro Ambulance Svcs.*, 250 Ga. 61, 63 (296 SE2d 547) (1982).

[2] The trial court erred by holding North Fulton had not exhausted its administrative remedies. Both North Fulton and the Authority applied for certificates of need, North Fulton for its existing facility, and the Authority, for a new facility five miles from North Fulton's facility. (The location for the Authority's proposed new facility for which it sought a certificate of need is, coincidentally, the precise location for which SHPA has approved the relocation of the facility acquired by the Authority.) Both North Fulton and the Authority have appealed SHPA's denial of their CON applications to the Health Planning Review Board, and those appeals are pending. Contrary to the trial court's holding, the pending proceedings before the Board are not appropriate forums in which North Fulton can raise the propriety of SHPA's approval of the relocation of another facility. The trial court also erred by holding that North Fulton could adequately raise the issue of SHPA's approval of the Authority's facility relocation directly to the Health Planning Review Board, OCGA § 31-6-44 (a). The Board's review is limited to SHPA decisions dealing with applications requesting a CON. See OCGA § 31-6-44 (b) and (d).