S94A1864. NORTH FULTON MEDICAL CENTER, INC.
v. ROACH et al.
(453 SE2d 463)

FLETCHER, Justice.

In the second appearance of this case before the Court, North Fulton Medical Center appeals the trial court's denial of a writ of mandamus and dismissal of its petition for judicial review. We affirm the dismissal of the petition for judicial review and reverse the denial of mandamus relief and remand.

Dotty W. Roach, Executive Director of the State Health Planning Agency (SHPA), in a letter dated May 26, 1993, determined that the Hospital Authority of Fulton County and Northside Hospital were not required to obtain a certificate of need ("CON") under OCGA § 31-6-40 to move an ambulatory surgical facility 13 miles from its original location. North Fulton Medical Center, a competitor of the

relocated facility, sued Roach and SHPA contending that Roach was without authority to exempt the relocated facility from CON requirements. The trial court dismissed North Fulton's complaint for mandamus and judicial relief and on appeal, we reversed, holding that neither the State Health Planning & Development Act nor SHPA's rules authorized Roach to exempt a relocation from CON requirements. *North Fulton Med. Center v. Roach*, 263 Ga. 814 (440 SE2d 18) (1994). We remanded for a determination of whether judicial review or mandamus was the appropriate remedy. Id. at 815.

On remand, the trial court dismissed the petition for judicial review without deciding the question posed by this court and set a trial date on the petition for mandamus. On the morning of trial, SHPA announced that on the previous day it had adopted a new rule, OCRR § 272-2-.07 (1) (u) (1994), that exempted relocations from CON review and that validated relocations permitted prior to the adoption of the new rule. The trial court refused to address North Fulton's challenges to the validity or constitutionality of the new rule, but instead ruled that a declaratory judgment action was an adequate remedy by which North Fulton could challenge the new rule. The court stated that the new rule governed the case and relied solely upon subsection 3 of the rule,[1] which validates prior relocations, to hold that the Authority was not required to seek agency approval for the relocation. Therefore, the court denied North Fulton's petition for mandamus relief.

1. North Fulton appeals the court's dismissal of its claim for judicial review of Roach's May 26, 1993 letter.[2] The trial court held that the May 26 letter was not appealable under the State Health Planning Agency & Development Act, OCGA § 31-6-44. Alternatively, the trial court held it lacked jurisdiction because North Fulton failed to

---

[1] OCRR § 272-2-.07 (1) (u) 1.-3 (1994) provides:
Any health care facility or DTRC [diagnostic, treatment, or rehabilitation center] that had formally requested and received, prior to the effective date of this rule, a favorable determination from the Agency regarding such health care facility's or DTRC's proposal to relocate or replace, shall be exempt under the provisions of this rule and Chapter from the requirements of obtaining a new determination and such prior Agency determination shall remain in full force and effect.

[2] Relying on *Rebich v. Miles*, 264 Ga. 467 (448 SE2d 192) (1994), Northside argues that this court lacks jurisdiction because North Fulton did not file an application for discretionary appeal. We disagree. In the prior appearance of this case, North Fulton filed both a direct appeal and a discretionary application. This court granted the discretionary appeal and consolidated it with the direct appeal. In remanding the case, this court did not indicate the appropriate procedure for obtaining appellate review and the parties did not have the benefit of *Rebich* when they filed the present notice of appeal. Accordingly, we will consider the issues raised in this direct appeal. See *Nagel v. State*, 264 Ga. 150 (442 SE2d 446) (1994) (court retained jurisdiction based on procedural posture, where court entertained original direct appeal and case was remanded to trial court pursuant to prior appeal).

exhaust its administrative remedies.[3] The trial court did not address this court's question on remand regarding whether Roach's letter exempting the relocation from CON review constituted a "declaratory ruling" within the meaning of the Administrative Procedures Act, OCGA § 50-13-11, from which North Fulton could seek judicial review. *North Fulton*, 263 Ga. at 814-815.

Upon review of the additional record developed on remand, we conclude that the May 26, 1993 letter did not constitute a declaratory ruling because Roach did not issue the letter pursuant to any rule consistent with OCGA § 50-13-11. That section provides that "[e]ach agency shall provide by rule for the filing and prompt disposition of petitions for declaratory rulings as to the applicability of any statutory provision or of any rule or order of the agency." Any party aggrieved by a declaratory ruling may seek judicial review of that ruling under the Administrative Procedures Act. See OCGA §§ 50-13-11 and 50-13-19 (b). Although on remand SHPA contended the letter was a declaratory ruling, it could not point to any rule authorizing declaratory rulings as contemplated by OCGA § 50-13-11. Rule 272-2-.07 (2) (1992) (now Rule 272-2-.07 (3) (1994)), which was in effect at the time Roach issued her letter, provided only an appeal procedure for an agency decision and did not provide any procedure by which a party could seek an anticipatory ruling regarding the application of any statutory provision or rule.[4] Compare OCRR § 560-1-1-.10 (revenue department rule providing procedure for declaratory ruling). Because Roach's letter did not constitute a declaratory ruling, judicial review under the APA was not available. Therefore, we affirm the court's dismissal of the claim for judicial review. See *Shapiro v. Lipman*, 259 Ga. 85, 86 (377 SE2d 673) (1989) (a trial court's ruling that is right for any reason will be affirmed).

2. Although this court had held that if judicial review were not available, mandamus should be granted, the trial court denied mandamus based on the newly adopted rule. The court held that the availability of a declaratory judgment action to challenge the new rule constituted an adequate legal remedy.

The general rule that mandamus does not lie where the peti-

---

[3] The first reason given for its ruling had been noted in this court's prior opinion, id. at 815, n. 2, and if that reason had been sufficient to dismiss the claim for judicial review, this court would not have remanded for that determination. The alternative reason is contrary to our earlier opinion. Id.

[4] We need not decide whether amended Rule 272-2-.07 (2) (1994), which establishes a procedure pursuant to OCGA § 31-6-47 (c) by which to request a decision regarding the applicability of an agency rule to the party's proposed action, is also consistent with OCGA § 50-13-11. Assuming Rule 272-2-.07 (2) establishes a procedure for a "declaratory ruling," it was not promulgated until long after the Authority requested its exemption and Roach issued her letter.

tioner has an adequate legal remedy is limited to cases in which the legal remedy is "equally convenient, complete and beneficial." *Adams v. Town of Weston*, 181 Ga. 503, 504 (183 SE 69) (1935) quoting *Hogansville Banking Co. v. Hogansville*, 156 Ga. 855, 860 (120 SE 604) (1923). A declaratory judgment action, which the trial court held is an adequate legal remedy precluding mandamus in this case, fails to satisfy this test. A declaratory judgment action cannot be said to be equally convenient or beneficial where the ability to seek a declaratory judgment did not arise until the day of the trial on the mandamus action. A contrary holding would condone the inherently unfair practice of changing the rules mid-game, which the SHPA employed here. The appropriate inquiry is whether the legal remedy existed at the time mandamus relief was *sought*.

Our decision in *Harper v. Burgess*, 225 Ga. 420 (169 SE2d 297) (1969), relied upon by Roach, does not require a contrary result. In *Harper*, the petitioner filed a mandamus action to compel the clerk of court to accept for filing a complaint for divorce by relying on a pauper's affidavit, without paying the cost deposit. The statute requiring the payment of a cost deposit had been in effect for approximately 14 years before the petitioner sought mandamus. Thus, the ability to seek a declaratory judgment that the statute requiring a cost deposit was unconstitutional existed at the same time the petitioner initiated its petition for mandamus relief. In the present case, however, SHPA promulgated a rule only after North Fulton had initiated its action for mandamus relief.

Because North Fulton did not have an adequate legal remedy, it may raise all its challenges to the new rule in its effort to establish its right to mandamus relief. We remand to permit the trial court to consider the merits of North Fulton's challenges.

*Judgment affirmed in part, reversed in part and remanded. All the Justices concur.*

DECIDED FEBRUARY 20, 1995 —
RECONSIDERATION DENIED MARCH 9, 1995.

*Jones, Day, Reavis & Pogue, David J. Bailey, Ruth H. Gershon,* for appellant.

*Michael J. Bowers, Attorney General, Dennis R. Dunn, Senior Assistant Attorney General, William W. Calhoun, Assistant Attorney General, Powell, Goldstein, Frazer & Murphy, Randall L. Hughes, Adrienne E. Marting, Kathlynn L. Butler,* for appellees.

*Phears & Moldovan, H. Wayne Phears, Victor L. Moldovan, Richard E. Harris, Stanley S. Jones, Jr.,* amici curiae.