S04A1579. DeKALB COUNTY et al. v. WAL-MART STORES, INC.
(604 SE2d 162)

CARLEY, Justice.

In July 2002, Wal-Mart Stores, Inc. filed a variance application with the DeKalb County Board of Zoning Appeals, seeking permission to erect on its property a sign with a height greater than that permitted by the County's sign ordinance. The Board denied the application, and Wal-Mart challenged the denial by filing a petition for writ of certiorari in superior court, contending that it met the criteria for a variance. Wal-Mart later amended the petition by adding a claim for declaratory relief, arguing that the zoning procedures enacted by the County in 2001 and 2002 were unconstitutional and violated the Zoning Procedures Law, OCGA § 36-66-1 et seq. Wal-Mart also added a claim for mandamus relief, asserting a legal

right to erect the sign because invalid procedures led to the adoption of the 2001 and 2002 ordinances. The trial court issued a mandamus nisi, and the County filed a motion to dismiss on the ground that an adequate legal remedy was available. In June 2003, while the case was pending, the County enacted a new sign ordinance, and Wal-Mart amended its petition so as to challenge the 2003 ordinance. The trial court granted mandamus relief, concluding that the 2001 and 2002 ordinances were unlawfully adopted and unconstitutional and requiring the County to accept and process Wal-Mart's application for a sign permit under an ordinance adopted in 1975. The County sought permission to file a discretionary appeal, which we granted in order to consider whether mandamus relief was improper due to the availability of adequate legal remedies to challenge the denial of the variance.

This Court has held that where, as here, a board of zoning appeals rules on an application for variance, it exercises judicial powers even though it is an administrative body, and that a petition for writ of certiorari is the proper method of judicial review if the ordinance so specifies. *Jackson v. Spalding County*, 265 Ga. 792, 793 (2) (462 SE2d 361) (1995). Compare *Chamblee Visuals v. City of Chamblee*, 270 Ga. 33, 35 (5) (506 SE2d 113) (1998). Only when the zoning ordinance fails to prescribe a method of judicial review can mandamus be the appropriate method of reviewing the zoning board's denial of a variance. *Jackson v. Spalding County*, supra at 793 (1). "If there be a specific remedy by certiorari, the right of mandamus will not lie. [Cit.]" *McClung v. Richardson*, 232 Ga. 530, 531 (207 SE2d 472) (1974).

Contrary to the assertion of Wal-Mart, a writ of mandamus will not lie simply because the County amended its sign ordinance while this action was pending. The claim for declaratory relief challenging the 2003 and earlier ordinances does not stand alone, but is inextricably connected to the petition for certiorari contesting denial of the variance. In this case, certiorari was the exclusive proper method for reviewing that specific, quasi-judicial decision regarding Wal-Mart's rights, and this "legal remedy existed at the time mandamus relief was *sought*." (Emphasis in original.) *North Fulton Medical Center v. Roach*, 265 Ga. 125, 128 (2) (453 SE2d 463) (1995). See generally *Wilson v. City of Snellville*, 256 Ga. 734, 735 (3) (352 SE2d 759) (1987).

Wal-Mart also argues that certiorari is not available and adequate because the Board did not have the authority to pass upon the constitutionality of the sign ordinances. Whatever the method of judicial review, however, a constitutional challenge may be raised under a relaxed standard of specificity even though the Board cannot directly rule on the claim. *Outdoor Systems v. Cobb County*, 274 Ga. 606, 607 (1) (555 SE2d 689) (2001) (review of revocation of a sign

permit by certiorari and declaratory judgment); *O S Advertising Co. of Ga. v. Rubin*, 263 Ga. 761, 763 (3) (438 SE2d 907) (1994) (appeal from denial of variance, and declaratory judgment action with respect to constitutionality of sign ordinance), overruled to extent it required too much specificity, *Ashkouti v. City of Suwanee*, 271 Ga. 154, 156 (516 SE2d 785) (1999); *Shockley v. Fayette County*, 260 Ga. 489, 491 (396 SE2d 883) (1990) (mandamus for review of denial of variance where ordinance did not provide for other means). The Board need only have "the opportunity to grant a variance to correct any constitutional defects specific to the petitioner's property." *O S Advertising Co. of Ga. v. Rubin*, supra at 764 (3). Thus, Wal-Mart could, and in fact did sufficiently, raise its constitutional challenges before the Board and on judicial review by seeking certiorari and declaratory judgment.

Accordingly, mandamus was inappropriate in this case because other adequate legal remedies were available. We must presume that the members of the Board will, without the necessity of the issuance of a writ of mandamus, do their duty and obey the law as enacted by the legislature and as declared and interpreted by the courts, and that, if the ordinances upon which they rely are declared invalid and unconstitutional by a court of competent jurisdiction, they will not continue to apply those ordinances. *Harper v. Burgess*, 225 Ga. 420, 422 (3) (169 SE2d 297) (1969). Therefore, the judgment granting mandamus relief must be reversed, and the case is remanded with direction that the trial court consider the merits of Wal-Mart's petition for writ of certiorari and for declaratory judgment. See *North Fulton Medical Center v. Roach*, supra.

*Judgment reversed and case remanded with direction. All the Justices concur.*

DECIDED OCTOBER 12, 2004.

*Melanie F. Wilson, Charles G. Hicks*, for appellants.
*Smith, Gambrell & Russell, Kathryn M. Zickert, Linda I. Dunlavy, Michael J. Lober*, for appellee.