S07A1548. DeKALB COUNTY et al. v. COOPER HOMES.
(657 SE2d 206)

BENHAM, Justice.

In its effort to build five residences on ten legal nonconforming lots of record[1] in unincorporated DeKalb County, appellee Cooper Homes had its application for interior side yard setback variances denied by the DeKalb County Zoning Board of Appeals (ZBA) and its

---

[1] Section 27-31 of the DeKalb County Code defines a nonconforming lot of record as "a designated parcel, tract, or area of land legally existing at the time of enactment of this chapter or amendment of this chapter which does not meet the lot area, lot width, or public street frontage and access requirements of this chapter."

application for land disturbance permits denied by the county's planning and development department. Cooper Homes sought judicial review of the ZBA decision by filing a petition for a writ of certiorari to the superior court.[2] In the certiorari petition, Cooper Homes also sought a writ of mandamus for issuance of the building permits denied by the county's planning and development department, and a declaratory judgment as to the construction and application of Section 27-938 of the county's zoning ordinance. The trial court granted Cooper Homes a petition for writ of mandamus and ordered appellant Patrick Ejike, the director of the DeKalb County Planning and Development Department, to accept and process the applications for building permits previously submitted by Cooper Homes and denied by the planning and development department, and to approve the applications if they met the requirements of two specified chapters of the county ordinances.

In its order granting mandamus, the trial court recognized that Cooper Homes had the right to appeal the planning and development department's denial of the applications for building permits to the ZBA pursuant to Section 27-912 (a) of the county's zoning ordinance,[3] but ruled that Cooper Homes was not required to exercise that appellate right prior to seeking mandamus in superior court because "[s]uch an appeal would have been futile as it would have ultimately resulted in a decision on the same issue by the same body [which had denied the application for variance to the interior side yard setback requirement], the ZBA." We granted the application for discretionary review filed by DeKalb County because we were particularly concerned with the trial court's determination that it was unnecessary for Cooper Homes to exhaust its administrative remedies before applying for a writ of mandamus, and whether it was appropriate to issue a writ of mandamus.

---

[2] Section 27-921 of the DeKalb County Code provides for judicial review of the decisions of the ZBA: "Any person aggrieved by a final decision of the board . . . may seek review of such decision by petitioning the Superior Court of DeKalb County for a writ of certiorari, setting forth plainly the alleged errors. Such petition shall be filed within thirty (30) days after the final decision of the board is rendered." A superior court reviews the decision of a zoning appeals board "to determine whether it (1) acted beyond the scope of its discretionary powers; (2) abused its discretion; or (3) acted in an arbitrary and capricious manner." *Jackson v. Spalding County*, 265 Ga. 792, 794 (3) (462 SE2d 361) (1995).

[3] Section 27-912 provides that the ZBA has "the power and duty to hear and decide appeals where it is alleged by the appellant that there is error in any final order, requirement, or decision made by an administrative official based on or made in the enforcement of the zoning ordinance." The ZBA has the power to affirm, reverse, or modify the administrative official's decision "and to that end shall have all the powers of the administrative official from whom the appeal was taken and may issue or direct the issuance of a permit provided all requirements imposed by all other applicable laws are met." Section 27-912 (d).

1. As a general rule, a writ of mandamus is not available when there is an adequate remedy at law available to the petitioner seeking mandamus (*Speedway Grading Corp. v. Barrow County Bd. of Commrs.*, 258 Ga. 693, 695 (373 SE2d 205) (1988)), and the appropriate inquiry is whether this legal remedy "existed at the time mandamus relief was *sought.*" *DeKalb County v. Wal-Mart Stores*, 278 Ga. 501, 502 (604 SE2d 162) (2004), quoting *North Fulton Med. Center v. Roach*, 265 Ga. 125 (2) (453 SE2d 463) (1995). However, the available legal remedy need not be pursued prior to seeking mandamus if to do so would be a "futile act." Such a "useless act" occurs when the administrative remedy available at the time mandamus relief is sought is "to seek a review that ultimately would result in a decision on the same issue by the same body." *WMM Properties v. Cobb County*, 255 Ga. 436, 440 (3) (339 SE2d 252) (1986). See, e.g., *Hall v. Nelson*, 282 Ga. 441 (3) (651 SE2d 72) (2007) (administrative remedy in employment dispute is an appeal to board which had issued formal decision in the same employment dispute); *City of Albany v. Oxford Solid Waste Landfill*, 267 Ga. 283 (1) (476 SE2d 729) (1996) (administrative remedy is an appeal to city planning commission and decision being appealed is one made by city engineer acting pursuant to instructions given by city manager who was following a directive from city commission); *Powell v. City of Snellville*, 266 Ga. 315, 316-317 (467 SE2d 540) (1996) (administrative remedy of property owner contesting rezoning is an appeal to mayor and city council, the same body which had filed rezoning application concerning the property and had rezoned the property to the classification property owner contested, over property owner's objection); *Glynn County Bd. of Ed. v. Lane*, 261 Ga. 544 (1) (407 SE2d 754) (1991) (administrative remedy is an appeal to a board and the issue on appeal is that board's conduct).

The trial court was correct in its observation that the ZBA, the body which would hear an appeal from the planning and development department's administrative decision to deny building permits, was the same body which had denied Cooper Homes's application for interior side yard setback variances. However, the trial court was incorrect in its statement that the ZBA's review of the denial of building permits would result in a decision on the same issue as that involved in the ZBA's denial of the application for variances from the interior side yard setback requirements. In reviewing the application for variances, the ZBA could grant a variance only after making the five findings set forth in Section 27-916 (a) of the zoning chapter of the county code:

(1) By reason of exceptional narrowness, shallowness, or shape of a specific lot, or by reason of exceptional topographic conditions, which were not created by the owner or applicant, the strict application of the requirements of this chapter would deprive the property owner of rights and privileges enjoyed by other property owners in the same zoning district;

(2) The requested variance does not go beyond the minimum necessary to afford relief, and does not constitute a grant of special privilege inconsistent with the limitations upon other properties in the zoning district in which the subject property is located;

(3) The grant of the variance will not be materially detrimental to the public welfare or injurious to the property or improvements in the zoning district in which the subject property is located;

(4) The literal interpretation and strict application of the applicable provisions or requirements of this chapter would cause undue and unnecessary hardship; and

(5) The requested variance would be consistent with the spirit and purpose of this chapter and the DeKalb County Comprehensive Plan text.[4]

In contrast, the planning and development department denied the applications for building permits on the ground that there was no land development permit for the property on file, as required by Section 27-957 of the county's zoning ordinance.[5] In its order granting mandamus, the trial court determined the planning and development department's rationale for denial was not appropriate because, the trial court found, Cooper Homes's application fell within an exception to the requirement of a land development permit — the structures were "within approved residential subdivisions or developments" (Section 27-960 (d) of the zoning ordinance) because, the trial court found, they were in the 1892 Ingelside subdivision plat. The trial court also found that Cooper Homes's effort to re-configure

---

[4] In its appeal to the superior court, Cooper Homes contended there was no competent evidence before the ZBA to support denial of the variance application. The trial court did not address this aspect of Cooper Homes's certiorari petition.

[5] Section 27-957 of the zoning ordinance states: "Unless otherwise exempted by this article, a development permit shall be required for any proposed use of land or buildings in order to assure compliance with all provisions of this chapter and all other county ordinances and regulations before any building permit is issued or any improvement, grading, or alteration of land or buildings commences."

the property comprised of ten 25-foot-wide lots into five 50-foot-wide lots was not a subdivision of lots governed by the county's subdivision code.

The trial court's order itself reflects that the issue which would have been presented to and decided by the ZBA in an appeal of the denial of building permits by the county's planning and development department was not the same issue decided by the ZBA in the denial of interior side yard setback variances. Consequently, the trial court erred when it applied the "futile act" exception to the requirement that administrative remedies be exhausted before mandamus be sought, and erred when it addressed the merits of the mandamus petition and granted the writ of mandamus.

2. In the order granting the writ of mandamus, the trial court issued a declaratory judgment that was pertinent to the appeal from the ZBA's denial of the request for variance. A claim for declaratory relief that is inextricably connected to the petition for certiorari contesting the denial of a variance may be considered in conjunction with the petition for certiorari. *DeKalb County v. Wal-Mart Stores*, supra, 278 Ga. at 502-503. The trial court determined that the "plain, clear and unambiguous" language of Section 27-938 of the county's zoning ordinance[6] entitled Cooper Homes to build five single-family residences on the ten nonconforming lots of record reconfigured into five lots without the need for any variances from the ZBA. The trial court went on to opine that the reconfiguration/combination of the ten nonconforming lots was not a subdivision of lots governed by the county's subdivision code and was not subject to the county zoning ordinance; that nothing in the zoning ordinance prohibited the combination of legal nonconforming lots; and that nothing in the zoning ordinance prohibited making legal nonconforming lots larger by combining them.

By its language, Section 27-938 is applicable to "[a] nonconforming lot of record in a residential district." The trial court applied Section 27-938 to the circumstances of the case at bar without an analysis of whether the status of being a legal nonconforming lot survives the reconfiguration/combination of what were formerly recognized as legal nonconforming lots. That, as noted by the trial court, the zoning ordinance does not prohibit the combination/enlargement of legal nonconforming lots is not to say that the lots that result from reconfiguration/combination maintain their status as legal nonconforming lots of record. Accordingly, the declaratory judgment of the trial court was, at best, premature and is hereby vacated.

---

[6] Section 27-938 states: "A nonconforming lot of record in a residential district may be used for a single-family residence without the need for a variance from the zoning board of appeals."

In summary, the grant of the petition for writ of mandamus is reversed; the declaratory judgment is vacated; and the case is remanded to the trial court to reconsider, in light of this opinion, its decision in the appeal from the ZBA's denial of the request for variances from the interior side yard setback requirements of the zoning ordinance. See footnote 2, supra.

*Judgment reversed in part and vacated in part, and case remanded with direction. All the Justices concur.*

DECIDED FEBRUARY 11, 2008.

*John E. Jones, Jr., Duane D. Pritchett, Melanie F. Wilson*, for appellants.

*Linda I. Dunlavy*, for appellee.