**IN RE: DALE FLEMING, Petitioner**

S. Ct. Civ. No. 2011-0109

Supreme Court of the Virgin Islands

March 15, 2012

461

DALE FLEMING, St. Thomas, USVI, *Pro se*.

ATIIM DIA ABRAHAM, ESQ., Assistant Attorney General, St. Thomas, USVI, *Attorney for Respondent Shelley DeWeese.*

CABRET, *Associate Justice*; SWAN, *Associate Justice*; and CHRISTIAN, *Designated Justice.*[1]

## OPINION OF THE COURT

(March 15, 2012)

PER CURIAM. This matter is before the Court on Dale Fleming's November 29, 2011 *pro se* petition for writ of mandamus, Respondent Shelley DeWeese's January 31, 2012 motion to dismiss, and Fleming's February 9, 2012 "Motion Not to Dismiss." For the reasons that follow, we deny the motion to dismiss, grant the mandamus petition, and direct the Superior Court judge assigned to Super. Ct. Civ. No. 279/2010 (STX) (hereafter "Nominal Respondent") to, within sixty days, take some meaningful action to move the litigation forward.

## I. BACKGROUND

On June 7, 2010, Fleming filed a *pro se* complaint against DeWeese, along with a motion to proceed *in forma pauperis* and various other documents. That same day, the Clerk of the Superior Court assigned the matter to the Nominal Respondent. Three weeks later, Fleming filed a second motion to proceed *in forma pauperis*, as well as a motion for appointment of counsel. Subsequently, on July 8, 2010, Fleming also filed a motion for entry of default against the defendant, and on December 7, 2010 filed another motion requesting that the Office of the Superior Court Marshal personally serve his complaint on the defendant.

Although nearly a year passed, the Nominal Respondent failed to take any action with respect to Fleming's complaint or his motions. Accordingly, on June 17, 2011, Fleming filed a "Motion For Follow Up on Civil Action." The Nominal Respondent, however, still did not address any of the pending motions or otherwise enter any orders in the matter. Therefore, Fleming filed a *pro se* petition for writ of mandamus with this Court on July 27, 2011, which requested that this Court direct the

---

[1] Chief Justice Rhys S. Hodge has been recused from this matter. The Honorable Adam G. Christian sits in his place by designation pursuant to title 4, section 24(a) of the Virgin Islands Code.

Nominal Respondent to move the litigation forward. Ultimately, on November 18, 2011, this Court dismissed that petition without prejudice due to Fleming's repeated failure to comply with multiple orders directing him to serve his petition on the pertinent parties. *See In re Fleming*, S.Ct. Civ. No. 2011-0059, slip op. at 4 (V.I. Nov. 18, 2011).

Shortly thereafter, Fleming re-filed his petition for writ of mandamus. After Fleming submitted adequate proof of service, this Court, in orders entered on December 28, 2011 and January 23, 2012 Order, directed the Clerk of the Superior Court to transmit certified docket entries for Super. Ct. Civ. No. 279/2010 (STX). After this Court received and reviewed the Clerk of the Superior Court's transmittal, it notified the parties, in a January 31, 2012 Order, that the Court could not conclude that Fleming's petition should be summarily denied, and authorized DeWeese and the Nominal Respondent to file answers to the mandamus petition. Although DeWeese timely filed a motion to dismiss later that day, the Nominal Respondent has not filed a response to the mandamus petition or otherwise participated in these proceedings.

## II. DISCUSSION

■ Pursuant to title 4, section 32(b) of the Virgin Islands Code, this Court has jurisdiction over original proceedings for mandamus. However, a writ of mandamus is a drastic remedy which should be granted only in extraordinary circumstances. *In re LeBlanc*, 49 V.I. 508, 516 (V.I. 2008)). To obtain a writ of mandamus, a petitioner must establish that his right to the writ is clear and indisputable and that he has no other adequate means to attain the desired relief. *Id.* at 517. Furthermore, "even if the first two prerequisites have been met, the issuing court, in the exercise of its discretion, must be satisfied that the writ is appropriate under the circumstances." *Cheney v. U.S. Dist. Court for D.C.*, 542 U.S. 367, 380-81, 124 S. Ct. 2576, 159 L. Ed. 2d 459 (2004). For the reasons that follow, we hold that Fleming has met all three requirements.

### A. Fleming Possesses a Clear and Indisputable Right to a Ruling

■ "A party possesses a 'clear and indisputable' right when the relief sought constitutes a 'specific, ministerial act, devoid of the exercise of judgment or discretion.' " *In re People of the V.I.*, 51 V.I. 374, 387 (V.I. 2009) (quoting *Dunn-McCampbell Royalty Interest, Inc. v. Nat'l Park Serv.*, 112 F.3d 1283, 1288 (5th Cir. 1997)), *cert. denied*, No. 09-3492,

slip op. at 1 (3d Cir. Dec. 22, 2009). As this Court has recently explained, the failure of a Superior Court judge to issue a ruling in a timely manner may rise to the level of a breach of a ministerial duty:

> Because "the manner in which a court disposes of cases on its docket is within its discretion," a trial court's delay in ruling on a motion will generally not warrant mandamus relief. *In re Robinson*, 336 Fed. Appx. 171, 172 (3d Cir. 2009). "Nonetheless, mandamus may be warranted when a [trial] [c]ourt's 'undue delay is tantamount to a failure to exercise jurisdiction.'" *Id.* (quoting *Madden v. Myers*, 102 F.3d 74, 79 (3d Cir.1982)). In other words, "[w]hile it is a basic premise that an appellate court lacks the power to compel a trial judge to do a particular act involving or requiring discretion on his part, this Court is empowered to order a trial judge to exercise his discretion in some manner." *O'Donniley v. Golden*, 860 S.W.2d 267, 269 (Tex .App.1993).

*In re Elliot*, 54 V.I. 423, 429 (V.I. 2010). In her motion to dismiss, DeWeese contends that Fleming lacks a clear and indisputable right to a ruling because, in his petition, he simply "infers dilatory behavior on [the] part of the Superior Court judiciary," which DeWeese contends "in and of itself does not satisfy the burden to demonstrate a clear and undisputable right for mandamus consideration." (Mot. 2-3.)

We agree with DeWeese that not all failures to rule, even if for an extended period of time, qualify for mandamus relief. As we explained in *Elliot*, a long delay may be permissible if the " 'petitioner himself [is] responsible for delays' or if 'delays [are] occasioned in obtaining necessary records of earlier proceedings.' " 54 V.I. at 430 (quoting *Johnson v. Rogers*, 917 F.2d 1283, 1285 (10th Cir. 1990)). "Thus, to determine whether a trial judge has breached his duty to rule . . . within a reasonable time, '[e]ach situation must be considered on its own facts,' with this Court giving primary consideration to the reason for the delay.' " *Id.*

Because the Nominal Respondent has not filed an answer to the mandamus petition or entered any orders in the underlying Superior Court matter, this Court has no option but to try to discern a potential legitimate reason for the delay based on the certified docket entries transmitted by the Clerk of the Superior Court. Although Fleming filed multiple motions within the first month of filing his complaint, and then filed yet another

motion six months later, the record reflects that the only document Fleming subsequently filed in the underlying Superior Court matter — other than documents related to the mandamus proceedings before this Court — was his June 17, 2011 "Motion For Follow Up on Civil Action." Thus, since Fleming has not filed a flurry of complex or frivolous motions, we cannot see how Fleming could have contributed to the nearly two-year delay in the underlying matter. Moreover, "even if this Court were to find that such a lengthy delay in considering [Fleming]'s [complaint] on the merits was justified . . . the Nominal Respondent has not provided, and this Court cannot independently discern, any reason that would excuse the Nominal Respondent's failure to consider [Fleming]'s request to proceed *in forma pauperis*," which "has not yet been ruled on despite being a routine motion." *Elliot*, 54 V.I. at 431 (citing *In re Hicks*, 118 Fed. Appx. 778, 778 (4th Cir. 2005)) (internal punctuation and citations omitted). In the absence of any explanation from the Nominal Respondent for his failure to enter any orders in this matter for nearly two years, we conclude that Fleming has demonstrated a clear and indisputable right to mandamus relief.

## B. Fleming Lacks Other Adequate Means to Obtain the Desired Relief

■ "It is well established that petitions for writ of mandamus cannot substitute for the regular appeals process." *In re Gov't of the V.I.*, S.Ct. Civ. No. 2011-0029, 2011 V.I. Supreme LEXIS 23, at *7 (V.I. May 18, 2011) (citing *Le Blanc*, 49 V.I. at 517). "Accordingly, a petitioner cannot claim the lack of other means to relief, if an appeal taken in due course after entry of a final judgment would provide an adequate alternative to review by mandamus. Moreover, where there are practical avenues for seeking relief that are untried, this Court will ordinarily deny a petition for writ of mandamus." *Id.* (internal quotation marks and citations omitted).

■ When a mandamus petitioner alleges that a Superior Court judge has failed to enter any ruling on a motion, "the breach of ministerial duty . . . is one that, by its very nature, this Court cannot adequately review on direct appeal." *Id.* (citing *Elliot*, 54 V.I. at 425). DeWeese, however, argues that Fleming could obtain relief through Superior Court Rule 14, which is captioned "Administrative Remedies Under 4 V.I.C. § 72b" and reads, in its entirety, as follows:

Any aggrieved litigant or attorney may petition the Presiding Judge in writing for administrative resolution of any matter involving observance by judges or other judicial personnel of the Court's Rules of Practice and Procedure or the prompt dispatch of the Court's business. The petition may be in the form of a written request for relief setting forth the name of the case, the case number, the judge to [whom] assigned, if any, and a brief description of the grievance. Upon receipt of the petition, the Presiding Judge shall review the matter and take such administrative action as is deemed appropriate. All interested parties shall be notified in writing of the decision of the Presiding Judge.

SUPER. CT. R. 14. Specifically, DeWeese contends that Rule 14 represents a "self-corrective mechanism" and that issuing a writ of mandamus "would function to disenfranchise the Superior Court of its plenary power to correct dilatory behavior . . . by members of its judiciary." (Mot. 3.)

 We cannot agree that Rule 14 vests the Presiding Judge of the Superior Court with the broad, plenary power advocated by DeWeese. As the Appellate Division of the District Court has explained, "[Superior] Court Rule 14 simply implements the administrative powers described in 4 V.I.C. § 72b," and "[t]he rule does not expand upon those very limited administrative powers over other [Superior] Court judges granted by the statute." *In re Richards*, 52 F. Supp. 2d 522, 533, 40 V.I. 161 (D.V.I. App. Div. 1999), *rev'd on other grounds*, 213 F.3d 773, 42 V.I. 469 (3d Cir. 2000). Pursuant to section 72b,

> The presiding judge of the Superior Court shall be the administrative head of the court and shall preside at all sessions of the court which he attends. He shall be responsible for the observance by the court of the rules . . . governing the practice and procedure of the Superior Court and prescribing the duties of its judges and officers and the times and places of holding court. In conformity with such rules he shall from time to time designate the judges who are to sit in each judicial division and divide the business and assign the cases among all the judges of the court in such manner as will secure the prompt dispatch of the business of the court and equalize the case loads of the several judges, taking into consideration the time required by those judges who have been designated to serve as district court commissioners to perform their duties as such. He shall supervise and direct the officers and employees of the court in the performance of their duties.

4 V.I.C. § 72b(a). Consistent with the statutory language, both section 72b and Rule 14 have been interpreted to limit the power of the Presiding Judge solely "to resolv[ing] administrative problems, not the power to review rulings of the trial court on legal questions." *Gov't of the V.I. v. Thomas*, 341 F. Supp. 2d 531, 534 (D.V.I. App. Div. 2004).

We recognize that, unlike *Thomas* and *Richards* — which involved challenges to substantive legal decisions rendered by Superior Court judges — in this case Fleming simply requests that he receive some sort of ruling. However, we cannot see how the procedure set forth in Rule 14 represents an adequate alternate form of relief to Fleming. First, it is not readily apparent that the authority of the Presiding Judge to "divide the business and assign the cases among all the judges of the court" also encompasses the authority to involuntarily re-assign a case that has already been assigned to an active Superior Court judge. Nevertheless, it is not necessary for us to resolve this issue of first impression because Fleming has not requested that this matter be assigned to a different judge; rather, his mandamus petition expressly identifies the Nominal Respondent by name, and requests that this Court issue a writ of mandamus "compel[ling] [the Nominal Respondent] to either settle the above-referenced civil matter . . . or proceed to trial." (Pet. 1.) *See also In re Roseland Oil & Gas, Inc.*, 68 S.W.3d 784, 786 (Tex. App. 2001) ("[M]andamus is personal to the judge."). Moreover, because a new judge would have to familiarize him or herself with the record before issuing any orders, it is possible that a re-assignment to a different judge would result in even greater delays in the underlying litigation.

 ██ We recognize that Rule 14, consistent with section 72b, permits the Presiding Judge to "take such administrative action as is deemed appropriate" upon receipt of a grievance, which could conceivably consist of a remedy that would fall short of a re-assignment to a different judge. But again, we emphasize that these authorities only permit *administrative*, not *judicial*, action. *Thomas*, 341 F.Supp.2d at 535. Multiple courts have held that purely administrative, non-judicial orders — such as any order that would be issued by the Presiding Judge pursuant to Rule 14 — are not punishable by contempt if they are ultimately violated. *See, e.g., Murneigh v. Gainer*, 177 Ill. 2d 287, 685 N.E.2d 1357, 1368 (Ill. 1997) (citing *Puterbaugh v. Smith*, 131 Ill. 199, 23 N.E. 428 (Ill. 1890)); *City of Dayton v. Strausbaugh*, 10 Ohio B. 535, 462 N.E.2d 462, 465 (Ohio Mun. Ct. 1984). In contrast, when this Court issues a writ of

mandamus directed at a Superior Court judge, the failure to comply with the order may be punished by this Court's contempt power. *See In re Kendall*, 55 V.I. 888, 915-16 (V.I. 2011). Additionally, while the Presiding Judge possesses other means, short of exercising the contempt power, to obtain compliance with an administrative order directed at a Superior Court employee, the Presiding Judge unquestionably lacks the authority to suspend, remove, or otherwise discipline one of his colleagues, for such functions have been vested in the Virgin Islands Commission on Judicial Conduct. *See* V.I.S.Cт.R. 209. Since Fleming filed his first petition for writ of mandamus with this Court in August 2011 and the Nominal Respondent has still failed to take any action with respect to the underlying case, we conclude, given its significant limitations when the grievance is directed at a Superior Court judge, that the Rule 14 procedure does not represent an adequate alternate means of obtaining the desired relief, and that requiring Fleming to file a grievance pursuant to the rule would be futile and only serve to further delay the underlying proceedings. *See DeKalb County v. Cooper Homes*, 283 Ga. 111, 657 S.E.2d 206, 208 (Ga. 2008) (explaining that failure to seek an available remedy that would be "futile" or "useless" will not preclude mandamus relief). Accordingly, we conclude that Fleming lacks an alternate adequate means of obtaining a ruling from the Nominal Respondent.

## C. A Writ of Mandamus is Appropriate Under the Circumstances

While Fleming has met his burden of demonstrating that there is no other adequate means to obtain the desired relief and that his right to that relief is clear and indisputable, the decision to issue a writ of mandamus ultimately rests in the discretion of this Court. *See Le Blanc*, 49 V.I. at 517. "To determine whether a writ of mandamus is appropriate under the circumstances, we consider factors including, but not limited to, the public interest, the importance or unimportance of the question presented, and equity and justice." *In re People*, 51 V.I. at 393 (collecting cases).

We find that mandamus relief is appropriate in this case. Although this Court, in *Elliot*, found that a writ of mandamus was necessary to address an unexplained year and a half delay in considering a habeas corpus petition based on the fact that "that Legislature has mandated that the Superior Court consider petitions for writ of habeas corpus 'without

delay,' " 54 V.I. at 432 (quoting 5 V.I.C. § 1304), the same concerns about furthering the administration of justice are present when an ordinary civil case languishes on the Superior Court docket with no action for almost two years. The refusal of a trial court to render *any* decision, on even the most routine motions, for such a long period of time, unquestionably reduces public confidence in the administration of justice and requires corrective action. Moreover, such a complete failure to rule may not only impair Fleming's constitutional right to due process, but also adversely affects DeWeese, who has had this action remain pending against her throughout this period. In fact, at least one appellate court, after holding that a trial court's failure to rule has satisfied the first and second prongs of the mandamus analysis, has issued the writ without extensively analyzing the third prong. *See State ex rel. Stanley v. D'Apolito*, 2010 Ohio 4850, ¶ 9 (Ohio Ct. App. 2010) (unpublished). Consequently, this Court shall exercise its discretion to grant Fleming's petition for writ of mandamus.

## III. CONCLUSION

We find that Fleming has a clear and indisputable right to have the Nominal Respondent move the underlying action forward since, based on our independent review of the record and without the benefit of a response from the Nominal Respondent, we cannot find any legitimate excuse for the nearly two-year delay, particularly the failure to consider Fleming's *in forma pauperis* motion. Furthermore, we cannot conclude that the procedure set forth in Superior Court Rule 14 provides Fleming with an adequate alternate means of obtaining redress. Accordingly, since the public interest and other considerations strongly support mandamus relief, this Court shall issue a writ of mandamus directing the Nominal Respondent to, within sixty days of the date of this Opinion, take meaningful action to further the disposition of Fleming's case.