MELTON, Justice,
dissenting.
When one takes a closer look at the issue that Southern is truly trying to have addressed, it becomes clear that an appeal before the Chatham County board of equalization pursuant to OCGA § 48-5-311 cannot provide Southern with an adequate remedy at law. The true issue here is not simply whether Southern qualifies as a “public utility” pursuant to OCGA § 48-5-511, but whether Southern can compel the Commissioner to accept its ad valorem tax returns as a public utility pursuant to OCGA §§ 48-1-2 (21) and 48-5-511. As the majority points out, here,
Southern seeks mandamus against the Commissioner, the sole state official charged with the responsibility of accepting a public utility’s tax returns. Southern cannot do on its own what it seeks by mandamus to compel the Commissioner to do, and no other defendant can provide Southern the relief it seeks. As currently constituted, the Chatham *671 County actions may require the county to stop valuing Southern’s property, but they cannot require the Commissioner to start doing so.
Maj. Op. at 666.
Moreover, it remains unclear whether the Commissioner can even be added as a party to the Chatham County actions, and, even if we assume that the Commissioner can be added to such actions, whether any judgment from those actions would be binding against the Commissioner. See Maj. Op. at 669 (Questions regarding whether the Commissioner may be properly added as a party to Southern’s Chatham County proceedings “may be complicated,” as the Commissioner may object on venue grounds, and “[q]uestions of sovereign immunity might also arise ... if Southern sought a judgment binding against the Commissioner in the appeals of taxes assessed by the county”). What seems to be clearer, however, is that the County would be an interested party in any mandamus action against the Commissioner that might affect the County’s ability to value Southern for tax purposes. In this connection, although,
[technically[,] in mandamus [,] the only necessary parties are the plaintiff who asserts the right to have an act done, and the defendant upon whom the public duty rests to perform it[,] the practice is common and commendable ... to bring in other persons who are likely to be injuriously affected by the judgment, in order that they may have an opportunity to be heard in their own behalf, and in a proper case the court will suspend proceedings until this is done. Reducing this general statement to a more definite rule, we may say that, generally speaking, all persons having any material interest, however slight, in the result of the litigation are proper parties respondent to an application for a writ of mandamus; whereas, when a person is shown by the petition in a proceeding for mandamus to have a legal interest in the right or duty sought to be enforced by the writ, and it also appears that the rights of such person will be collaterally determined by the judgment if rendered as prayed in the petition, the cause will not ordinarily be adjudicated until such person is made a respondent thereto, if he is shown to be within the jurisdiction of the court.
(Citation and punctuation omitted.) Gullatt v. Slaton, 189 Ga. 758, 760 (1) (8 SE2d 47) (1940).
*672 Decided March 3, 2014.
Ragsdale, Beals, Seigler, Patterson & Gray, William J. Seigler III, Herbert H. Gray III, Brian J. Morrissey, Lisa F. Stuckey, for appellant.
Samuel S. Olens, Attorney General, Warren R. Calvert, William W. Banks, Jr., Senior Assistant Attorneys General, Alex F. Sponseller, Assistant Attorney General, for appellee.
In any event, the lack of certainty regarding any relief that Southern may or may not be able to obtain against the Commissioner in the Chatham County tax appeals certainly begs the question whether the County proceedings can provide a legal remedy to Southern that is just as “convenient, complete and beneficial” as the mandamus action. (Citation and punctuation omitted.) North Fulton Med. Center v. Roach, 265 Ga. 125, 128 (2) (453 SE2d 463) (1995). Indeed, it seems that there should be at least some degree of certainty with respect to the adequacy of the remedy at law available to Southern in order for a court to conclude that mandamus is not an available remedy to Southern. See id. (“The general rule that mandamus does not lie where the petitioner has an adequate legal remedy is limited to cases in which the legal remedy is ‘equally convenient, complete and beneficial’ ”) (citation omitted). Here, we seem to be left only to guess whether the Chatham County tax appeal proceedings “might” be good enough “if” the Commissioner “could” be joined and a binding judgment “could” eventually be entered against him. If we have to resort to such guesswork, I believe that the legal remedy in question simply is not adequate.
The inadequacy of the legal remedy only becomes more pronounced when one considers that, even under ideal circumstances, the Chatham County actions present an unnecessarily inconvenient and roundabout way to address the real issue here, which is to compel the Commissioner to accept Southern’s ad valorem tax returns. Specifically, even if the Commissioner could be added to the Chatham County actions (barring venue challenges) and the Chatham County actions could result in a binding judgment against the Commissioner (despite sovereign immunity concerns) based on a finding that Southern was a “public utility,” such proceedings simply would not be “equally convenient” to a direct mandamus action against the Commissioner to resolve the true issue presented here.
For all of these reasons, I must respectfully dissent from the majority.