**FIFTH DIVISION**
**MCFADDEN, C. J.,**
**MCMILLIAN, P. J., and GOSS, J.**

**NOTICE: Motions for reconsideration must be** *physically received* **in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules**

**August 22, 2019**

# In the Court of Appeals of Georgia

A19A1298. GEORGIA LOTTERY CORPORATION et al. v. 1100
SHORTER DOLLAR, LLC.

McFADDEN, Chief Judge.

Georgia Lottery Corporation and its chief executive officer and president appeal the order granting 1100 Shorter Dollar, LLC's petition for mandamus and denying Georgia Lottery Corporation's motion to dismiss the petition.

Georgia Lottery Corporation Rules provide a mechanism for seeking a stay of its orders — the relief Shorter Dollar sought in its mandamus petition — but Shorter Dollar did not pursue that mechanism. We express no opinion about whether that mechanism is still available to Shorter Dollar. But because it was available at some time, Shorter Dollar cannot pursue that relief via mandamus. So we reverse.

The relevant facts are largely undisputed. Shorter Dollar is a retail business in Rome, Georgia that operates Class B coin-operated amusement machines ("COAMs") pursuant to a licence granted by Georgia Lottery Corporation under the COAM laws. See OCGA §§ 16-12-35 and 50-27-70 to 50-27-104. See generally *Gebrekidan v. City of Clarkston*, 298 Ga. 651, 655-658 (3) (a) (784 SE2d 373) (2016).

Georgia Lottery Corporation issued a citation to Shorter Dollar alleging that Shorter Dollar violated Georgia Lottery Corporation Rule 13.1.10 (5) and OCGA § 50-27-84 (c) and (e) by failing to provide certain monthly reports. The matter was referred to a hearing officer, who conducted a hearing on March 21, 2018. Shorter Dollar failed to appear. The hearing officer found Shorter Dollar guilty of the charge, imposed a $5,000 fine, and revoked Shorter Dollar's COAM license, effective immediately. Instead of filing a motion for reconsideration or seeking further review from the chief executive officer of Georgia Lottery Corporation as contemplated by the Georgia Lottery Corporation Rules, Ga. Comp. R. & Regs., r. 560-2-19-.05 (1), Shorter Dollar filed a petition for certiorari review of the hearing officer's decision.

When Georgia Lottery Corporation failed to reinstate Shorter Dollar's license and reactivate its COAMs, Shorter Dollar filed this petition for a writ of mandamus, asking the trial court to order Georgia Lottery Corporation to reinstate Shorter

2

Dollar's license and to reactivate its COAMs. The mandamus petition was transferred to the same judge presiding over the certiorari petition. Georgia Lottery Corporation filed a limited appearance answer and moved to dismiss the petition. The superior court agreed with Shorter Dollar, granted the petition for writ of mandamus, denied the motion to dismiss, and ordered the chief executive officer of Georgia Lottery Corporation to allow Shorter Dollar to operate its location license, to reconnect its COAMs, and to restore Shorter Dollar's COAM licensing rights pending resolution of the certiorari action or further order in the mandamus action. This appeal followed.

"The writ of mandamus is properly issued only if (1) no other adequate legal remedy is available to effectuate the relief sought; and (2) the applicant has a clear legal right to such relief." *Ga. Assn. of Professional Process Servers v. Jackson*, 302 Ga. 309, 312 (2) (806 SE2d 550) (2017) (citation and punctuation omitted). Accord *Gaddy v. Ga. Dept. of Revenue*, 301 Ga. 552, 561-562 (3) (802 SE2d 225) (2017) ("Mandamus is an extraordinary remedy to compel a public officer to perform a required duty when there is no other adequate legal remedy.") (punctuation omitted); OCGA § 9-6-20 ("[T]he writ of mandamus may issue to compel a due performance if there is no other specific legal remedy for the legal rights . . . ."). Shorter Dollar "bears the burden to show that it lacks an adequate legal remedy so that an action for

3

mandamus will lie." *Merchant Law Firm v. Emerson*, 301 Ga. 609, 611 (1) (800 SE2d 557) (2017).

An "adequate remedy at law" is defined as "[a] legal remedy . . . that provides sufficient relief to the petitioning party, thus preventing the party from obtaining equitable relief." Black's Law Dictionary (11th ed. 2019). "(W)here a statute provides a party with a means of review by an administrative agency, such procedure is generally an adequate remedy at law so as to preclude the grant of equitable relief." *Ga. Dept. of Human Svcs. v. Addison*, 304 Ga. 425, 433 (4) (819 SE2d 20) (2018) (citation and punctuation omitted). Moreover, "[i]f there be a specific remedy by certiorari, the right of mandamus will not lie." *DeKalb County v. Wal-Mart Stores*, 278 Ga. 501, 502 (604 SE2d 162) (2004) (citation and punctuation omitted).

Shorter Dollar had the opportunity to pursue administrative and certiorari review. The COAM rules provide an administrative appeal procedure that involves requesting reconsideration from the hearing officer and then moving for review by the president and chief executive officer. Ga. Comp. R. & Regs., r. 560-2-19-.05 (1). The rules provide explicitly that the president and chief executive officer as well as the hearing officer may stay the execution of the executive order, Ga. Comp. R. & Regs., r. 560-2-19-.05 (2), the relief Shorter Dollar seeks here, but that "[u]nless the

4

execution of the [o]rder is stayed by the [chief executive officer] or [h]earing [o]fficer, the execution of the [o]rder is to be effective on the date specified in the [o]rder or upon service of the [o]rder if no other effective date is so specified." Ga. Comp. R. & Regs., r. 560-2-19-.04 (3).[1] OCGA § 50-27-76 (a) grants to a person affected by an action of Georgia Lottery Corporation or its chief executive officer the right to appeal to the Superior Court of Fulton County. Shorter Dollar cites no authority prohibiting a certiorari petitioner from seeking the relief it seeks here. Cf. OCGA § 50-13-19 (d) (1) (expressly providing in proceedings for review under the Georgia Administrative Procedure Act that the agency and the reviewing court may stay enforcement of decisions).

Pretermitting whether it still may pursue such relief, Shorter Dollar had the opportunity to pursue an adequate remedy at law, whether through agency review or through the certiorari proceedings. *DeKalb County*, 278 Ga. at 502. Accordingly, Shorter Dollar could not pursue mandamus relief and the superior court erred by granting mandamus relief and denying Georgia Lottery's motion to dismiss. *Goldman v. Johnson*, 297 Ga. 115, 116 (772 SE2d 704) (2015) (petitioner could not file

---

[1]Ga. Comp. R. & Regs., r. 560-2-19-.04 (3) speaks of the "commissioner," but Ga. L. 2013, p. 37 substituted "chief executive officer" for "commissioner."

mandamus petition to remove judge from presiding in another case because petitioner could have appealed denial of motion to recuse in that case but did not); *Titelman v. Stedman*, 277 Ga. 460, 462 (591 SE2d 774) (2003) (entry of written order denying relief was an appealable judicial act, so mandamus was not available to review it).

*Judgment reversed. McMillian, P.J., and Goss, J., concur.*