A05A1092. NORTHSIDE CORPORATION et al. v. CITY OF ATLANTA.
(619 SE2d 691)

JOHNSON, Presiding Judge.

Since 1976, Northside Corporation has lawfully owned and operated the Tower Package Store on Piedmont Road in Atlanta. In December 2003, Northside applied to the city for a building permit to add floor space to the back of the Tower store. The director for the City of Atlanta Bureau of Buildings denied the application. Northside appealed to the City of Atlanta Board of Zoning Adjustment, which affirmed the director's denial. Northside then appealed to the superior court, which affirmed the zoning board's denial of the permit.

In affirming the zoning board's decision, the superior court determined that the critical issue was the zoning board's interpretation of the City of Atlanta Zoning Code Section 16-28.024. The court ruled that its own function was not to interpret that code section, but to determine only if the zoning board's interpretation was reasonable. The court concluded that it must defer to the board's interpretation of the code section because that interpretation was not arbitrary or capricious.

Northside and other owners of the store applied to this court for discretionary review of the superior court's judgment. We granted the application. Because the superior court erred in failing to interpret the controlling code section, and because the city's interpretation of that section is erroneous, we reverse the judgment of the superior court.

1. The superior court relied on *Bd. of Zoning Adjustment of Atlanta v. Fulton Federal Sav. &c.*,[1] in holding that it is limited to

---

[1] 177 Ga. App. 219 (338 SE2d 730) (1985) (physical precedent only).

determining only whether the zoning board's interpretation of Code Section 16-28.024 is arbitrary or capricious. The court's reliance on that case is misplaced.

We note that *Fulton Federal* is not binding precedent, but is physical precedent only since the judgment was not fully concurred in by all the judges ruling on that case.[2] Moreover, *Fulton Federal* did not involve the interpretation of a city code section. Rather, it involved a zoning board's decision that a conditional variance to a zoning ordinance had been violated. The standard of review in such a case is whether the board's decision was arbitrary or capricious.[3] Thus, the arbitrary or capricious standard, which the superior court in the instant case relied on in refusing to interpret the code section in question, applies to the review of a zoning board decision, not to the interpretation of a zoning ordinance.

The superior court here had an obligation to construe Code Section 16-28.024 as a matter of law. "The construction of a zoning ordinance, under the facts, is a question of law for the courts, and in construing it the cardinal rule is to ascertain and give effect to the intention of the lawmaking body."[4] The superior court erred in abdicating its responsibility to interpret the applicable zoning ordinance.

2. The court also erred in upholding the city's interpretation of Code Section 16-28.024, which governs location requirements for package stores. Subsection (2) of that ordinance mandates that package stores may not be located within 600 feet of seven different kinds of properties, such as residences, schools and churches.

Pertinent to the instant case, that subsection provides: "No package store shall be located within the following distances of the specified other uses: a. 600 feet: Structures in residential use."[5] Section 16-28.024 further specifies the method by which the 600-feet prohibition shall be measured: "The distances in subsection (2) (a)-(g) are to [be] measured in a straight line from the closest point of the property line of the site proposed to be occupied by the package store to the closest property line of any use identified above."

Northside's property is apparently within this prohibited distance. However, the code section also sets forth an exception to the

---

[2] See Court of Appeals Rule 33 (a).

[3] See *Jackson v. Spalding County*, 265 Ga. 792, 794 (3) (462 SE2d 361) (1995); *Fulton Federal*, supra at 221 (1).

[4] (Citation and punctuation omitted.) *DeKalb County v. Post Apt. Homes*, 234 Ga. App. 409, 411 (1) (506 SE2d 899) (1998).

[5] Code Section 16-28.024 (2) (a).

600-feet limitation for locations that have been licensed to sell alcoholic beverages since at least May 1997. Code Section 16-28.024 provides:

> Except as otherwise provided in section 10-113 of the city's Alcoholic Beverage Code, a *location* licensed for the retail sale of packaged alcoholic beverages on or before May 6, 1997 shall not be required to comply with the distance requirements set forth in subsection (2) (a)-(g) above provided that such *location* is not expanded or enlarged.[6]

The dispositive question in this case is whether the word "location" as used in the code section refers to the building which houses the Tower Package Store or to the parcel of land upon which the building is situated. The city contends that the location referred to in the code section is the building itself, which would expand if the proposed addition is allowed. Northside, on the other hand, asserts that the location in question is the entire parcel of land, which would not expand with the addition. We agree with Northside's construction of the code section.

Zoning ordinances must be strictly construed in favor of the property owner and never extended beyond their plain and explicit terms.[7] "[W]here the language of the ordinance is plain and unambiguous, and does not lead to contradictory, absurd, or wholly impracticable results, it is the sole evidence of legislative intent and must be construed according to its terms."[8]

Code Section 16-28.024 (2), in providing that package stores may not be located within 600 feet of residences and other specified uses, plainly states that the distance is to be "measured in a straight line from the closest point of the property line of the site proposed to be occupied by the package store to the closest property line of any use identified above." Strictly construed in favor of Northside, this plain language shows the legislative intent that the term "location," as subsequently used in the exception to this distance requirement, refers to the entire site occupied by the store, not simply to the building on that site. The superior court's affirmance of the city's contrary interpretation is erroneous and must be reversed.

3. Because of our holdings above in Divisions 1 and 2, we need not address Northside's alternative argument that the code section is unconstitutionally vague and ambiguous.

---

[6] (Emphasis supplied.)

[7] *Cherokee County v. Martin*, 253 Ga. App. 395, 396 (1) (559 SE2d 138) (2002).

[8] (Citations and punctuation omitted.) *Post Apt. Homes*, supra at 411.

4. The city has moved to dismiss Northside's appeal as moot because Code Section 16-28.024 has now been repealed. Northside, however, has a vested right to consideration of its application for a permit to expand its store under the statutory law then in existence.[9] Because the appeal is not moot, the motion to dismiss is denied.

*Judgment reversed. Ruffin, C. J., and Barnes, J., concur.*

DECIDED JULY 26, 2005 —
RECONSIDERATION DENIED AUGUST 9, 2005 — 

*Fine & Block, Kenneth I. Sokolov, Lisa S. Morchower*, for appellants.

*David D. Blum, Lemuel H. Ward, Peter J. Andrews*, for appellee.

---

[9] *Recycle & Recover, Inc. v. Ga. Bd. of Nat. Resources*, 266 Ga. 253, 254-255 (2) (466 SE2d 197) (1996).