S10A0801. GLASS SYSTEMS, INC. v. GEORGIA POWER COMPANY.

(703 SE2d 605)

BENHAM, Justice.

Appellant Glass Systems, Inc. was a subcontractor on a condominium project when two of its workers were injured by a high-voltage power line operated by appellee Georgia Power Company. Neither appellant nor the two injured workers notified appellee that they would be working near the power lines before work commenced as required by OCGA § 46-3-33[1] of the Georgia High-voltage Safety Act (HVSA).[2] The two workers sued appellee for claims related to their injuries, but did not prevail. See *Dalton v. 933 Peachtree, L.P.,* 291 Ga. App. 123 (661 SE2d 156) (2008). Appellee then filed an indemnity action, as provided for by OCGA § 46-3-40 (b),[3] against appellant to recover its costs, including legal fees, in defending itself against appellant's employees. In response to appellee's motion for partial summary judgment, appellant alleged that OCGA § 46-3-40 (b) was unconstitutional. The trial court held the statute constitu-

---

[1] OCGA § 46-3-33 provides as follows:

No person, firm, or corporation shall commence any work as defined in paragraph (6) of Code Section 46-3-32 if at any time any person or any item specified in paragraph (6) of Code Section 46-3-32 may be brought within ten feet of any high-voltage line unless and until: (1) The person responsible for the work has given the notice required by Code Section 46-3-34; and (2) The owner or operator of such high-voltage line has effectively guarded against danger from accidental contact by either deenergizing and grounding the line, relocating it, or installing protective covering or mechanical barriers, whichever safeguard is deemed by the owner or operator to be feasible under the circumstances.

OCGA § 46-3-34 (b) provides in pertinent part: "Where work is to be done, the person responsible for such work shall give notice to the utilities protection center during its regular business hours at least 72 hours, excluding weekends and holidays, prior to commencing such work. . . ."

[2] OCGA § 46-3-30 et seq.

[3] OCGA § 46-3-40 (b) provides as follows:

Any person responsible for the work who violates the requirements of Code Section 46-3-33 and whose subsequent activities within the vicinity of high-voltage lines result in damage to utility facilities or result in injury or damage to person or property shall be strictly liable for said injury or damage. Any such person shall also indemnify the owner or operator of such high-voltage lines against all claims, if any, for personal injury, including death, property damage, or service interruptions, including costs incurred in defending any such claims resulting from work in violation of Code Section 46-3-33.

tional and granted appellee's partial motion for summary judgment. For reasons set forth below, we affirm.

The purpose of the HVSA is set forth in OCGA § 46-3-31, which states as follows:

> The purpose of this part is to prevent injury to persons and property and interruptions of utility service resulting from accidental or inadvertent contact with high-voltage electric lines by providing that no work shall be done in the vicinity of such lines unless and until the owner or operator thereof has been notified of such work and has taken one of the safety measures prescribed in this part.

In *Dalton v. 933 Peachtree, L.P.*, supra, 291 Ga. App. at 129, the Court of Appeals determined that because appellant and its agents failed to provide appellee or the Utilities Protection Service with notice of the work appellant's employees would be performing near appellee's power lines, appellee was not liable for the injuries sustained by appellant's employees. See also *Jackson Elec. Membership Corp. v. Smith*, 276 Ga. 208, 209-210 (576 SE2d 878) (2003) (power line owner is not liable if not given prior notice of work performed near power lines). Because of this determination by the Court of Appeals, appellee filed the instant action pursuant to OCGA § 46-3-40 (b) for indemnity against appellant.

1. Appellant alleges that OCGA § 46-3-40 (b) is unconstitutional to the extent it violates due process by failing to require appellee to give appellant notice of the employees' liability action against appellee; by failing to allow appellant to defend appellee in the employees' underlying action; and by failing to allow appellant to reduce exposure by filing an OCGA § 9-15-14 claim for attorney fees in the employees' underlying action. We disagree.

This Court has held that

> an ordinance under constitutional attack carries with it a presumption of constitutionality [cit.], and we have a duty to construe the legislation so as to uphold it as constitutional, if that is possible. [Cit.] Only when it is established that the legislative enactment "manifestly infringes upon a constitutional provision or violates the rights of the people" will the statute be declared unconstitutional. [Cit.]

*Old South Duck Tours v. Mayor &c. of Savannah*, 272 Ga. 869 (2) (535 SE2d 751) (2000). Where, as here, there is neither a suspect classification nor a fundamental right at stake, a rational relationship test is applied to determine whether the statute violates

substantive due process or equal protection. Id. at 872; *State of Ga. v. Old South Amusements, Inc.*, 275 Ga. 274 (2) (564 SE2d 710) (2002); *Love v. State*, 271 Ga. 398 (2) (517 SE2d 53) (1999). That is, the statute must bear a direct relationship to a legitimate legislative purpose to pass constitutional muster. *Love v. State*, supra, 271 Ga. at 400. See also *City of Atlanta v. Watson*, 267 Ga. 185 (1) (475 SE2d 896) (1996). Here, the purpose of the statute is to prevent injury to persons and property from high voltage utilities. Maintaining public safety and welfare is a legitimate legislative purpose. *City of Lilburn v. Sanchez*, 268 Ga. 520 (2) (491 SE2d 353) (1997). The threat of an indemnity action against an employer for failing to provide notice to power companies about its activities near high voltage fixtures serves the legitimate legislative purpose by motivating employers to follow the notice requirement and thereby prevent accidents. Likewise, allowing power companies to pursue indemnity actions against noncompliant employers serves as a deterrent for future noncompliance. Thus, the statute is not unconstitutional as to substantive due process.

The statute also does not deny appellant procedural due process, i.e., the right to notice and hearing.[4] Appellant's contentions regarding its access to the employees' underlying action for injuries have no bearing on the constitutionality of the indemnity provision set forth in OCGA § 46-3-40 (b) because it is an entirely separate cause of action stemming from the notice requirements of the HVSA and not the employees' cause of action in tort.[5] In the instant indemnity action, which is still pending below for a trial on damages, there is nothing that precludes appellant from presenting evidence challenging the amount and reasonableness of the costs and fees allegedly incurred by appellee during the employees' lawsuit. Thus, appellant has not in fact been denied notice and the right to be heard on the matter of indemnity.

2. Appellant alleges OCGA § 46-3-40 (b) is unconstitutional to the extent it violates equal protection by treating appellant differently from employers whose employees have not been injured in high voltage accidents. Specifically, appellant opines that the workers' compensation statute should protect it from all liability associated with the accident, but, because the accident involves a high voltage injury, it is exposed to strict liability under the HVSA's indemnity

---

[4] See *Chancellor v. Dozier*, 283 Ga. 259 (3) (658 SE2d 592) (2008) (procedural due process includes a meaningful hearing); *Jackson v. Spalding County*, 265 Ga. 792 (4) (462 SE2d 361) (1995) (procedural due process includes notice and opportunity to be heard).

[5] Indeed, it is unlikely appellant would be able to participate in any tort action brought by its employees for their injuries because of the exclusivity provisions of the workers' compensation statute.

provision which other employers are not so exposed. This Court has already determined that the workers' compensation statute does not bar an employer from being sued by a power utility company under the HVSA and that such HVSA action is "not an action by an injured employee 'on account of' a work-related injury." *Flint Elec. Membership Corp. v. Ed Smith Constr. Co.*, 270 Ga. 464, 465 (511 SE2d 160) (1999). Therefore, the workers' compensation act does not apply in such circumstances.

Appellant also cannot compare itself to employers whose employees do not suffer high-voltage injuries because such employers are not in fact similarly situated to appellant. "In evaluating legislation under an equal protection claim, the claimant must first establish that he is similarly situated to members of a class who are treated differently than he." *Drew v. State*, 285 Ga. 848 (2) (684 SE2d 608) (2009). Thus, appellant's equal protection claim is not viable, and the trial court did not err when it determined OCGA § 46-3-40 (b) does not violate appellant's right to equal protection.

*Judgment affirmed. All the Justices concur.*

DECIDED NOVEMBER 1, 2010.

*Penna & Mendicino, Christopher E. Penna, Shapiro, Fussell, Wedge, Smotherman & Martin, J. Ben Shapiro, Jr.*, for appellant.

*Troutman Sanders, Scott A. Farrow, John G. Rigney*, for appellee.