S12A0200. HARALSON COUNTY et al. v. TAYLOR JUNKYARD
OF BREMEN, INC.
(729 SE2d 357)

HINES, Justice.

This Court granted the application for discretionary appeal of Haralson County to review the superior court's grant of a writ of mandamus. For the reasons that follow, we affirm.

Taylor Junkyard of Bremen, Inc. ("Taylor Junkyard") owns real property in Haralson County that contains an automobile junkyard and lies in an area zoned for residential use. At the time of Haralson County's 1998 adoption of its first zoning ordinance, the site was owned by Greg Daniels. After that time, Daniels operated, as a permitted nonconforming use, a business known as Greg's Used Cars and Parts. In 2001, the property was acquired by Charles Trawick, Jr., who operated a similar business.

In 2008, Taylor Junkyard sought to purchase the property. Before doing so, it wanted confirmation that the property had a

permitted nonconforming use, so Taylor Junkyard asked for, and was issued, a letter written by the County Zoning Administrator, which stated that the business operated by Trawick "falls under the grandfather clause. . . . This business may remain in place as long as it complies with section [50-5] of the Haralson County Zoning Ordinance." Taylor Junkyard then purchased the property for $150,000.

When Taylor Junkyard applied for a business license for the year 2009, Haralson County administratively rejected the application, with the stated reason that the business engaged in on the property had changed from the original nonconforming business of "used automobiles and parts" to "metal recycling and metal fabrication," and thus violated the County's zoning ordinance. Taylor Junkyard appealed to the County Zoning Board of Appeals ("ZBA"), which, after a hearing, rejected the application for a business license, based upon found zoning violations. Taylor Junkyard then filed the instant petition for a writ of mandamus in superior court, which the court granted, finding that there was no evidence to support the ZBA's decision.

1. The County contends that the superior court erred in addressing the petition for writ of mandamus, arguing that the Haralson County, Georgia, Zoning Ordinance ("Zoning Ordinance"), provides a means for Taylor Junkyard to file an appeal from the adverse decision of the ZBA, and thus, mandamus was not an available remedy. See *DeKalb County v. Wal-Mart Stores, Inc.*, 278 Ga. 501, 502 (604 SE2d 162) (2004). Section 50-261 (a) of the Zoning Ordinance states in part:

> Appeals to the board of appeals may be taken by any person aggrieved by filing with the zoning department a written notice of appeal specifying the grounds thereof. . . . An appeal from the decision of the board of appeals shall be filed within 30 days from the date of the decision by the board and upon the failure to file the appeal within 30 days of the decision, the decision shall be final.

Section 50-264 of the Zoning Ordinance states, in toto, that "[a]ny person jointly or severally aggrieved by any decision of the board of zoning appeals may seek review of such decision in the superior court of the county." The County asserts that these provisions create an avenue of "discretionary appeal" from an adverse decision of the ZBA to the superior court, that Taylor Junkyard was thus required to pursue only that avenue rather than seek a writ of mandamus, and therefore the superior court erred in granting a writ of mandamus.

But, the County cites no authority for a "discretionary appeal" to the superior court, and we find none. Rather,

> [t]he superior courts have only appellate jurisdiction "as may be provided by law." Art. VI, Sec. IV, Par. I of the Constitution of Georgia of 1983. "The right to appeal to the superior court is fixed by statute, and lies only from bodies or tribunals when an appeal therefrom is provided for by statute. [Cits.]" [Cit.]

*Walton County v. Scenic Hills Estates*, 261 Ga. 94, 95 (401 SE2d 513) (1991). A local government cannot, without statutory authority, create a mechanism by which an appeal may be taken to the superior court. Id.

The County fails to cite any *statutory* authority for a direct appeal to the superior court. See *Stendahl v. Cobb County*, 284 Ga. 525, 526 (1) (668 SE2d 723) (2008) ("[T]he General Assembly has not provided a statutory mechanism for the direct appeal to superior court of the zoning decisions of local governing authorities."). Further, the ordinances do not specify that a writ of certiorari may be sought in the superior court. See *DeKalb County v. Cooper Homes*, 283 Ga. 111, 114, n. 5 (657 SE2d 206) (2008); *DeKalb County v. Wal-Mart*, supra.

When local zoning ordinances do not establish a means by which an aggrieved party may gain judicial review of an adverse decision by a zoning appeal board, a petition to the appropriate superior court for a writ of mandamus is the proper remedy. See *City of Atlanta v. Wansley Moving & Storage Co.*, 245 Ga. 794, 796 (1) (267 SE2d 234) (1980) ("[I]n the absence of provision in the zoning ordinance prescribing the means of judicial review, mandamus is a proper remedy for reviewing the denial of conditional and special use permits.").

Accordingly, as no provision of the Haralson County ordinances sets forth an available means of judicial review, the superior court did not err in concluding that a petition for a writ of mandamus was the proper avenue for Taylor Junkyard to seek review of the ZBA's decision.

2. The County contends that the superior court erred in granting the writ of mandamus. "Mandamus will issue against a public officer under two circumstances: (1) where there is a clear legal right to the relief sought, and (2) where there has been a gross abuse of discretion." *Jackson County v. Earth Resources*, 280 Ga. 389, 390 (627 SE2d 569) (2006) (Citations and punctuation omitted.).

When reviewing a local governing body's zoning decision, the superior court applies the "any evidence" standard of review. In the appellate courts, the standard of review is whether there is any evidence supporting the decision of the local governing body, not whether there is any evidence supporting the decision of the superior court.

Id. at 391 (Citations and punctuation omitted.).

[T]he construction of a zoning ordinance is a question of law for the courts. Zoning ordinances are to be strictly construed in favor of the property owner. Since statutes or ordinances which restrict an owner's right to freely use his property for any lawful purpose are in derogation of the common law, they must be strictly construed and never extended beyond their plain and explicit terms. Any ambiguities in the language employed in zoning statutes should be resolved in favor of the free use of property.

*Stanfield v. Glynn County*, 280 Ga. 785, 786-787 (2) (631 SE2d 374) (2006) (Citations and punctuation omitted.).

The ZBA cited as justification for the denial of the petition that the nonconforming use had been changed from that which was in existence at the time of the passage of the Zoning Ordinance, and that the nonconforming use had been re-established after a time during which it was discontinued.[1] There is no evidence that the business Taylor Junkyard sought to engage in under the business license for which it applied is anything other than that pursued by Trawick. Rather, the County's contention is that Trawick changed the nature of the business from that which was engaged in by Daniels at the time the Zoning Ordinance was enacted.

The evidence that the County relies upon to show that the business operated by Trawick was not the same nonconforming use that existed in 1998 consists of a letter Daniels wrote to the Haralson

---

[1] Section 50-5 of the Zoning Ordinance provides, in pertinent part:

A lawful use of or vested right to use any building, structure, or land existing at the time of the adoption of the ordinance from which this chapter is derived, or any amendment thereto, may be continued subject to the restrictions contained in this chapter, except that:

(1) A nonconforming use or structure shall not be changed to another nonconforming use.

. . .

(3) A nonconforming use or structure shall not be re-established after the discontinuance for one year regardless of any reservation of intent not to abandon.

County Permit Office in 2000, asking for direction on how he might have the property re-zoned. That letter was on a letterhead bearing the title "Greg's Used Cars and Parts," and in it, Daniels wrote, "I own and operate a used car and part business." Thus, the County seems to assert, only the sale of cars and automobile parts was encompassed in Daniels's business. However, as the superior court noted, the nomenclature of a business does not necessarily indicate all activities engaged in by that business, nor can Daniels's use of such an abbreviated term to refer to his business be considered to describe all aspects of the business; the purpose of the letter was not to catalog his business activities but to learn how he might proceed to have the property's zoning changed from residential to a more appropriate classification.[2]

The County presented no witness who testified from personal knowledge what the business activities pursued on the property in 1998 actually were. Rather, the only evidence from those witnesses familiar with the business operated at the property during Daniels's ownership was that it included an automobile junkyard with metal recycling and fabrication, and that Trawick's use of it was identical to that of Daniels. Further, documents Trawick filed with the County for business licenses and occupational taxes for various years described the business with terms such as auto parts reclamation, recycling, and metal fabrication: occupational tax certificates returned by the County to Trawick described the type of business as "Auto Salvage & Recycling." Although the County notes that there is no evidence that a car crusher was ever installed on the property, the only evidence before the ZBA was that the car crusher used in the operation of the business was a mobile one, hired as needed, and that this was a common practice in the industry. The court correctly concluded that there was no evidence that the property had a different nonconforming use in 1998 than at the time of Taylor Junkyard's application for a business license.

The ZBA also determined that the nonconforming use had been discontinued for a period of time. Section 50-5 (3) of the Zoning Ordinance states that a "nonconforming use or structure shall not be re-established after the discontinuance for one year" of the business. Although a witness for the County testified that no copy of a business license for Trawick's business could be found in the County's records for the year 2006, the uncontroverted evidence was that the corporation ceased to exist in 2006 as a result of Trawick's divorce, but that

---

[2] There is no evidence that Daniels's letter was ever answered.

Trawick continued to use the corporate name for his business. Further, the only evidence regarding actual operations on the site was that they continued unchanged through that year. Accordingly, the superior court was correct in concluding that there was no evidence to support a finding of a "discontinuance" of the business for at least one year. See *Beugnot v. Coweta County*, 231 Ga. App. 715, 721 (1) (b) (500 SE2d 28) (1998).

*Judgment affirmed. All the Justices concur.*

DECIDED JULY 2, 2012.

*Meng H. Lim*, for appellants.
*White, Choate & Watkins, Jeffrey A. Watkins, W. Anthony Moss*, for appellee.