**SECOND DIVISION**
**BARNES, P. J.,**
**BOGGS and RICKMAN, JJ.**

**NOTICE: Motions for reconsideration must be**
***physically received* in our clerk's office within ten**
**days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules**

**July 14, 2016**

# In the Court of Appeals of Georgia

A16A0058. CITY OF DUNWOODY v. DISCOVERY PRACTICE    RI-002
      MANAGEMENT, INC. et al.

RICKMAN, Judge.

This court granted a discretionary appeal application by the City of Dunwoody

(the "City") from the judgment of the DeKalb County Superior Court reversing the

decision of the City of Dunwoody Zoning Board of Appeals (the "ZBA") in a dispute

regarding whether the proposed use of property controlled by Discovery Practice

Management, Inc., d/b/a Center For Discovery and DV Dunwoody, LLC (hereinafter

collectively "Discovery") fit within the existing zoning classification of the district

where the property is located. The ZBA determined that the City's earlier

classification of Discovery's proposed use of the property as a family personal care

home was erroneous. But the superior court reversed the ZBA's determination, and

thus, reinstated the classification. The City appeals from this superior court order, contending that the superior court erred by: (1) denying its motion to dismiss a renewed petition for certiorari Discovery had filed pursuant to OCGA §§ 5-4-3 and 9-2-61 (a); and (2) reversing the ZBA's decision. For the followings reasons, we affirm the judgment.

1. The City contends that the renewal provisions of OCGA § 9-2-61 (a) did not entitle Discovery to dismiss a timely filed petition for writ of certiorari, then renew the petition after the expiration of the applicable limitation period.

> Pursuant to OCGA § 9-2-61 (a), a case commenced within the applicable limitation period may be dismissed and recommenced within six months even if the limitation period has expired. The privilege of dismissal and renewal under OCGA § 9-2-61 does not apply to a case dismissed on the merits or to a case which was void when dismissed, but it does apply if the dismissed case was merely voidable. A suit is also void and incapable of renewal under OCGA § 9-2-61 (a) if there has been a judicial determination that dismissal is authorized . . . It is settled that the renewal provisions of OCGA § 9-2-61 apply to certiorari cases brought pursuant to OCGA § 5-4-1 et seq.

(Citations and punctuation omitted.) *Buckler v. DeKalb County*, 290 Ga. App. 190, 191 (1) (659 SE2d 398) (2008).

2

Discovery filed its first petition for writ of certiorari in the superior court on July 10, 2014, within the 30-day limitation period of OCGA § 5-4-6 (a). Pursuant to OCGA § 5-4-6 (b), the petition and writ were required to be personally served upon the ZBA, as respondent-in-certiorari.[1] The parties did not dispute that service of the petition and writ were perfected on the City (the opposing party or "defendant-in-certiorari"). However, the City disputed service on the ZBA, and in September 2014, Discovery voluntarily dismissed the action. At the time of dismissal, no judicial determination had been entered on the petition.

In October 2014, Discovery re-filed the petition for writ of certiorari, citing OCGA §§ 5-4-3[2] and 9-2-61 (a). Subsequently, the City filed a motion to dismiss the

---

[1] See *Gornto v. City of Brunswick*, 119 Ga. App. 673 (168 SE2d 323) (1969) (construing statute requiring service on respondent-in-certiorari to mean personal service).

[2] OCGA § 5-4-3 provides
When either party in any case in any inferior judicatory or before any person exercising judicial powers is dissatisfied with the decision or judgment in the case, the party may apply for and obtain a writ of certiorari by petition to the superior court for the county in which the case was tried, in which petition he shall plainly and distinctly set forth the errors complained of. On the filing of the petition in the office of the clerk of the superior court, with the sanction of the appropriate judge endorsed thereon, together with the bond or affidavit, as provided in

3

re-filed petition on the basis that it was *void ab initio* because the original petition and writ were never properly served on ZBA pursuant to OCGA § 5-4-6 (b) before the action was dismissed and that, therefore, the dismissed action was void and not subject to renewal under OCGA § 9-2-61 (a). Discovery filed a response to the motion to dismiss, arguing that the City failed to meet its burden of showing improper service of the original petition and writ because, inter alia, personal service was not required for renewal, and that even assuming personal service was required, Discovery had shown good cause to excuse such service.

The trial court determined that the requisite personal service pursuant to OCGA § 5-4-6 was not perfected upon the ZBA,[3] but that the lack of personal service as to ZBA did not render the petition void and, thus, a bar to renewal. For the reasons explained below, we hold that lack of service on ZBA, the respondent, did not make the original action void.

---

Code Section 5-4-5, it shall be the duty of the clerk to issue a writ of certiorari, directed to the tribunal or person whose decision or judgment is the subject matter of complaint, requiring the tribunal or person to certify and send up all the proceedings in the case to the superior court, as directed in the writ of certiorari.

[3] Discovery did not file a cross-appeal as to this determination.

4

> [T]he failure to deliver, within the time required by the statute, the petition and writ to the officer whose decision is under review . . . is a mere irregularity which can be cured either by a waiver by the officer himself, evidenced by the filing of his answer, or by an extension of time by the judge of the superior court.

*Bass v. Milledgeville*, 121 Ga. 151, 153 (48 SE 919) (1904); see *Hudson v. Watkins*, 225 Ga. App. 455, 456 (1) (484 SE2d 24) (1997). Accordingly, failure to comply with service requirements regarding the officer whose decision is under review "will not render the proceeding void," *Bass*, 121 Ga. at 153, but instead, voidable. Given that a case is capable of renewal under OCGA § 9-2-61 (a) if when the case was dismissed it was merely voidable, OCGA § 9-2-61 (a) applies in the instant case, and the superior court properly denied the City's motion to dismiss Discovery's renewed petition.

The City argues that pursuant to *Fisher*, 212 Ga. App. 635 (442 SE2d 762) (1994), Discovery's failure to comply with service requirements of OCGA § 5-4-6 rendered the original petition void unless notice was given to the ZBA pursuant to OCGA § 5-4-3 (by the clerk of court), and that because no notice pursuant to OCGA § 5-4-3 was given in the instant case, the petition was void. We disagree. In *Fisher*, service of the original petition was not perfected upon the tribunal whose decision

5

was under review, and this Court held that the petition, although properly dismissed for lack of service under OCGA § 5-4-6 (b), could be renewed pursuant to OCGA § 9-2-61. *Fisher*, 212 Ga. App. at 636-637. Although this Court acknowledged that the tribunal had received notice of the petition pursuant to a procedure authorized by statute (OCGA § 5-4-3), this Court did not hold that such notification was a prerequisite to renewal. Id. Nothing in *Fisher* contradicts the *Bass* rule. Therefore, the trial court properly denied the City's motion to dismiss Discovery's renewed petition.[4]

2. The City contends that the superior court erred by, among other things, reversing the ZBA's decision by ruling that neighbors were not entitled to notice of the city planner's classification decision and by ruling that the ZBA wrongly construed the city zoning ordinance to require notice.

The record shows the following. Discovery sought to open a six bed home for the treatment of adolescents with eating disorders. In January 2014, the City of Dunwoody planner/director of sustainability ("city planner") issued a letter

---

[4] To the extent that the trial court misconstrued the holding in *Fisher*, we will affirm its ruling if it is right for any reason. *Reed v. Reed*, 295 Ga. 574, 578 (2) (761 SE2d 326) (2014) ("We may affirm the judgment of a lower court so long as it is right for any reason.") (citation and punctuation omitted).

("confirmation") to Discovery, classifying Discovery's stated proposed use for the subject property as a family personal care home, and informing Discovery that such was a permitted "use by right" in the single-family residential zoning district in which the property was located.[5] In April 2014, some nearby residents who had found out (in March 2014 ) about the use to which the property (an existing home ) was going to be put, filed an application for administrative appeal with the ZBA. The ZBA voted to accept the appeal and held hearings on the matter. The neighbors challenged the classification of the land use as a personal care home, arguing that the city planner was not informed of material facts when she made the classification decision and that Discovery's intended use for the property was as a medical treatment facility, which was not a permitted use.

The ZBA sustained the appeal, determining that the "staff decision to classify this as a personal care home was in error . . . [o]r incorrect." Discovery thereafter appealed ZBA's decision to the superior court, which ruled that, among other things, the neighbors' appeal to the ZBA was untimely and the ZBA erred as a matter of law

---

[5] At the time, the City of Dunwoody did not have a community development director, and the city planner issued the letter pursuant to authority previously delegated to her to act as community development director.

7

by accepting the appeal and reading into the ordinance a notice requirement that otherwise did not exist.

"We review the construction of a zoning ordinance under a de novo standard." (Citations omitted.) *Burton v. Glynn County*, 297 Ga. 544, 546 (1) (776 SE2d 179) (2015). The scope of review of the superior court is "limited to all errors of law and determination as to whether the judgment or ruling below was sustained by substantial evidence." OCGA § 5-4-12 (b). "[T]he substantial-evidence standard is effectively the same as the any-evidence standard." (Citation and punctuation omitted.) *City of Atlanta Govt. v. Smith*, 228 Ga. App. 864, 865 (1) (493 SE2d 51) (1997).

Pursuant to Section 27-458 of the Dunwoody Zoning Ordinance in effect at the time of the appeal to the ZBA, the neighbors – assuming they had standing[6] – had 30 days from the date of the city planner's decision to appeal the decision, and the ordinance did not require that notice of the decision be given to neighboring property

---

[6] Section 27-457 of the Dunwoody Zoning Ordinance authorized "any person aggrieved by . . . any final order, requirement, or decision of an administrative official, based on or made in the enforcement of the this zoning ordinance" to appeal the administrative decision.

8

owners by mail, by signage, or by publication in a newspaper.[7] And in the instant case, the neighbors filed their appeal 98 days after the date of the decision. At the ZBA hearings, the neighbors argued that they were unaware of the confirmation within 30 days of its issuance, and that unless the ordinance was construed as impliedly requiring that notice be given to them, the appeal provisions of the zoning ordinance violated due process. The ZBA accepted the appeal, thus, impliedly reading a notice provision into the ordinance.

> "The construction of a zoning ordinance is a question of law for the courts. Zoning ordinances are to be strictly construed in favor of the property owner. Since statutes or ordinances which restrict an owner's right to freely use his property for any lawful purpose are in derogation of the common law, they must be strictly construed and never extended beyond their plain and explicit terms."

*Haralson County v. Taylor Junkyard of Bremen, Inc.*, 291 Ga. 321, 323-324 (729 SE2d 357) (2012); *Cherokee County v. Martin*, 253 Ga. App. 395, 396 (1) (559 SE2d 138) (2002). In construing a zoning ordinance, "the cardinal rule is to ascertain and

---

[7] The ordinance was amended in January 2015, which date was after the ZBA's decision. The amended ordinance contained a provision that authorized the ZBA to waive the 30-day deadline and allow an appeal to be filed within 30 days of actual or constructive notice of the decision. Additionally, the amended ordinance required that notice of the decision be given to adjacent property owners.

give effect to the intention of the lawmaking body." (Punctuation and footnote omitted.) *Northside Corp. v. City of Atlanta*, 275 Ga. App. 30, 31 (1) (619 SE2d 691) (2005).

Here, "the language of the ordinance is plain and unambiguous, and does not lead to contradictory, absurd, or wholly impracticable results, [and] it is the sole evidence of legislative intent and must be construed according to its terms." (Punctuation and footnote omitted.) *Northside Corp.*, 275 Ga. App. at 32 (2). The ordinance explicitly provided that use of property as a family personal care home was permitted *as of right* in the residential zoning district where the property was located. And it is undisputed that the plain language of the ordinance did not require that neighboring property owners be given notice of a city official's decision that a homeowner's stated proposed use for his/her property was permitted under the existing zoning classification as a matter of right.

We reject the City's argument that "to maintain the constitutionality of the appeals provision of the Zoning Ordinance . . . the courts must imply a notice requirement, otherwise the Ordinance simply ignores foundational due process constraints" by not affording notice to those who may appeal the zoning decision. Procedural due process includes the right to notice and an opportunity to be heard.

10

See *Glass Systems, Inc. v. Ga. Power Co.*, 288 Ga. 85, 87 (1) (703 SE2d 605) (2010). "The principles of due process extend to every proceeding judicial or administrative or executive in its nature at which a party may be deprived of life, liberty, or property." (Citation and punctuation omitted.) *Cobb County School Dist. v. Barker*, 271 Ga. 35, 37 (2) (518 SE2d 126) (1999). Due process rights were not triggered in the instant case.

The ordinance explicitly required that public notice (i. e., by placing a yard sign in a conspicuous location on the property, or by publication in a newspaper) and/or notice by mail be given prior to any zoning or land use amendment, or prior to the issuance of special land use permits, variances, special exceptions, or administrative permits. See, e.g., *Atlantic Refining Co. v. Spears*, 214 Ga. 126, 127 (103 SE2d 547) (1958) ("Where proper notice is given and an actual hearing is had, the rezoning of property does not violate the due process laws of the Constitution."). Here, the city planner's confirmation did not change the existing zoning of the district where the property at issue was located; it did not authorize a non-permitted use of land or any variance or exception from permitted uses; nor did it deprive the complainants of life, liberty, or property. The City cites no authority, and we found none, holding that due process required that neighboring property owners be given notice aside from that

11

provided in the ordinance of a homeowner's permitted use of his/her property as of right. As the city planner testified at one of the ZBA hearings in this matter, "a use by right [was] not something that requires notification," and "if at any time, the proposed use exceeds their threshold of a personal care home, then those activities on the lot are not deemed allowable by the letter or by the ordinance. Indeed, in the event of use outside the existing zoning classification, the neighbors and City would not be without a remedy. See generally *Burton*, 297 Ga. at 544-548 (1) (trial court properly granted county's counterclaim for declaratory judgment where homeowners were violating a zoning ordinance by using their property for large-scale gatherings, which use fell outside the scope of the single-family residential use for which the district was zoned); *Hall v. Trubey*, 269 Ga. 197-200 (1) (498 SE2d 258) (1998) (despite issuance of building permits, where property owner had not received zoning variance to construct residential units on property zoned strictly for commercial use, adjacent property owner's action for injunction was not barred by laches even though formal lawsuit was not filed until several months after construction project began); *Maloof v. Gwinnett County*, 231 Ga. 164-166 (200 SE2d 749) (1973) (trial court properly granted interlocutory injunction sought by county and nearby property

owners who sought to abate homeowners' use of their property as a commercial dog kennel in a zoning district of the county in which such use was not permitted).

By accepting the appeal, the ZBA impermissibly read a notice requirement into the ordinance, where there was not one and where the language of the ordinance evidenced no intent that any special notice be given for the use permitted as a matter of right in this case. The ZBA erroneously construed the ordinance despite its plain language and the superior court, in accordance with its obligation to construe Section 27-458 of the Dunwoody Zoning Ordinance as a matter of law, see *Northside Corp.*, 275 Ga. App. at 31 (1), correctly ruled so.

"Municipal ordinances are entitled to a presumption of validity, and will be sustained unless clearly invalid." (Citation and punctuation omitted.) *Buckler v. DeKalb County Bd. of Commrs.*, 299 Ga. App. 465, 467 (2) (683 SE2d 22) (2009). In the instant case, the appeals provisions of the zoning ordinance were not clearly invalid, and the superior court's reversal of the ZBA's contrary interpretation is correct and must be affirmed.

3. Given our conclusion that the ZBA erred by accepting the appeal, we need not reach the remaining enumerated errors.

*Judgment affirmed. Barnes, P. J., and Boggs, J., concur.*

13