**THIRD DIVISION
BARNES, P. J.,
DOYLE, P. J., and SENIOR APPELLATE JUDGE PHIPPS**

**NOTICE: Motions for reconsideration must be
*physically received* in our clerk's office within ten
days of the date of decision to be deemed timely filed.
https://www.gaappeals.us/rules**

**February 21, 2023**

# In the Court of Appeals of Georgia

A22A1329.   SPRAYBERRY   et   al.   v.   BOARD   OF
COMMISSIONERS OF PUTNAM COUNTY et al.

DOYLE, Presiding Judge.

Lauren and Josh Sprayberry applied for a variance from the applicable setback requirements of the Putnam County Zoning Ordinance of 2020 ("PCZO"). The Putnam County Board of Commissioners (the "Board") denied the Sprayberrys' application, and the superior court refused to set aside the Board's decision. On appeal from the superior court, the Sprayberrys argue, inter alia, that the court erroneously extended the applicable variance provision in the PCZO beyond its plain and explicit terms. For the reasons set forth infra, we reverse the judgment of the superior court.

We review the construction of a zoning ordinance under a de novo standard. The scope of review of the superior court is limited to all

errors of law and determination as to whether the judgment or ruling below was sustained by substantial evidence. . . . The construction of a zoning ordinance is a question of law for the courts.[1]

Viewed in this light, the record shows that the Sprayberrys purchased a single-family residential lot on Lake Oconee that was platted of record in 2005. Pursuant to PCZO § 66-158 (b), they applied to the Putnam County Planning and Zoning Commission (the "Commission") for a 35-foot variance from the regularly required 65-foot setback from the lake in order to build a pool behind the house that they were constructing. The Sprayberrys contended that there was no other place to locate the pool due to the shape of the lot and soil conditions that necessitated placement of their septic system in the front yard.

Following a public hearing, the Commission denied the requested variance. The Sprayberrys appealed to the Board which, following a hearing, voted to deny their application on appeal. The Sprayberrys presented evidence at both hearings, including expert testimony regarding the environmental impact of the requested

---

[1] (Citations and punctuation omitted.) *City of Dunwoody v. Discovery Practice Mgmt.*, 338 Ga. App. 135, 138-139 (2) (789 SE2d 386) (2016).

variance. At the hearing before the Board, two lakefront property owners expressed their opposition to the variance.

The Sprayberrys filed a petition in the superior court, seeking a writ of certiorari against the Board and its members in their official capacities (collectively, the "Appellees"). The superior court construed the variance ordinance to require the Sprayberrys to show a hardship and found that any hardship was the result of their own acts. Accordingly, the court denied the petition. We granted the Sprayberrys' application for discretionary review, and this appeal followed.

In related arguments, the Sprayberrys argue that the superior court erred in construing the variance provision by: (1) ignoring the disjunctive nature of the provision and extending it beyond its plain and explicit terms; (2) finding that the plain language would lead to absurd results; and (3) refusing to resolve any ambiguity in the ordinance in favor of the Sprayberrys. We agree.

Zoning ordinances are to be strictly construed in favor of the property owner. Since statutes or ordinances which restrict an owner's right to freely use his property for any lawful purpose are in derogation of the common law, they must be strictly construed and never extended beyond their plain and explicit terms. Any ambiguities in the language

3

employed in zoning statutes should be resolved in favor of the free use of property.[2]

Keeping these tenets of construction in mind, the ordinance governing the Sprayberrys' variance request, PCZO § 66-158 (b), provides:

The board of commissioners shall hear and decide on applications for variances from the development standards or performance standards of this chapter only on appeal of the decision of the planning and zoning commission. Such variances shall be granted only:

(1) Where by reason of exceptional narrowness, shallowness or shape of a specific piece of property, which at the time of adoption of this chapter, was a lot or plat of record; or

(2) Where, by reason of exceptional topographic conditions or other extraordinary or exceptional conditions of a piece of property, the strict application of the development requirements of this chapter would result in practical difficulties to, and undue hardship upon, the owner of this property, which difficulty or hardship is not the result of acts of the applicant; and further provided that this relief may be granted without substantially impairing the intent and purpose of this chapter and is not contrary to the public welfare.

(3) In granting a variance, the board of commissioners may attach thereto such conditions regarding the location, character and other features of the proposed building, structure or use as it may deem

---

[2] (Citation and punctuation omitted.) *Haralson County v. Taylor Junkyard of Bremen*, 291 Ga. 321, 324 (2) (729 SE2d 357) (2012).

4

advisable so that the purpose of this chapter will be served, public safety and welfare secured, and substantial justice done. The board of commissioners is authorized to grant a density variance or a use variance to permit a density or use in a district where otherwise prohibited.[3]

In construing the ordinance, the trial court concluded that the only sensible construction of subsection (b)(1) incorporated language from subsection (b)(2), such that a variance application could only be granted under subsection (b) (1):

[w]here by reason of exceptional narrowness, shallowness or shape of a specific piece of property, which at the time of adoption of this chapter, was a lot or plat of record . . . , the strict application of the development requirements of this chapter would result in practical difficulties to, and undue hardship upon, the owner of this property, which difficulty or hardship is not the result of acts of the applicant; and further provided that this relief may be granted without substantially impairing the intent and purpose of this chapter and is not contrary to the public welfare.

However, "a statutory list divided by semicolons and concluding with 'or' is disjunctive rather than conjunctive."[4] As this Court has stated in interpreting an

---

[3] Putnam County, Ga., Code of Ordinances, § 66-158 (b).

[4] *Padgett v. City of Moultrie*, 229 Ga. App. 500, 504 (1) (494 SE2d 299) (1998).

insurance policy, "[p]unctuation is an important indicator of meaning."[5] Even without a semicolon,

> [t]he natural meaning of "or," where used as a connective, is to mark an alternative and present choice, implying an election to do one of two things. While the word "or" can be interpreted either as a disjunctive term or as a reiterative term, where a legislative provision is phrased in the disjunctive, it must be so construed absent a clear indication that a disjunctive construction is contrary to the legislative intent.[6]

The trial court thus erred in construing the ordinance to require the Sprayberrys to satisfy the terms of subsection (b) (2) in order to obtain a variance under subsection

---

[5] *Hill v. Nationwide Mut. Fire Ins. Co.*, 214 Ga. App. 715, 717 (448 SE2d 747) (1994) (holding that the inclusion of a semicolon, along with the disjunctive "or," in a policy definition of "residence premises" as "the one- or two-family dwelling, other structures and grounds; or that part of any other building where you live, shown as the residence premises on the Declarations[ ]" "clearly show[ed]" that "where you live" was only intended to modify "that part of any other building").

[6] (Citations and punctuation omitted.) *Gearinger v. Lee*, 266 Ga. 167, 169 (2) (465 SE2d 440) (1996) (construing former OCGA § 42-8-34.1 (c), which provided that a probation violation can result from "the commission of a felony offense *or* the violation of a special condition") (emphasis supplied); see *May v. Morgan County*, 343 Ga. App. 255, 258 (1) (807 SE2d 28) (2017) ("[T]he principles that guide our consideration of the meaning of statutes are well established, and we apply those same principles when we consider the meaning of an ordinance.") (citation and punctuation omitted).

(b) (1). Stated another way, if the Sprayberrys fulfilled the requirements of subsection (b) (1), then they are entitled to a variance.

The trial court found, and the Appellees argue, that subsection (b) (1) does not form a complete thought and does not make sense without the additional language from subsection (b) (2). However, subsection (b) (1) could reasonably be construed as a grandfather clause to permit variances for owners of exceptionally narrow, shallow, or shaped properties, i.e., nonconforming lots, that predated the enactment of zoning regulations.[7]

Even if subsection (b) (1), which is plainly written in the disjunctive, forms an incomplete thought, any ambiguity[8] must be construed in favor of the free use of the property.[9] "[H]owever awkward and unusual the language may be, the legislative

---

[7] See generally *King v. Putnam County Bd. of Commrs.*, 266 Ga. 208 (467 SE2d 509) (1996) (holding that a property owner was entitled to mandamus relief because a grandfather clause allowed owners to develop any lot, platted prior to adoption of zoning ordinances, which did not meet minimum lot or lot width requirements).

[8] See *Gearinger*, 266 Ga. at 169 (2) (noting that "the word 'or' can be interpreted either as a disjunctive term or as a reiterative term[ ]").

[9] See *Fayette County v. Seagraves*, 245 Ga. 196, 197-198 (1) (264 SE2d 13) (1980).

intent manifested by [the zoning ordinance] must be ascertained and enforced as the law."[10]

We reject the trial court's finding that this construction "would result in the unreasonable and absurd consequence that the Board would be required to grant any variance related to an exceptionally narrow, shallow or shapely piece of property, which at the time of adoption of the PCZO, was a lot or plat of record, without regard to the intent and purpose of the PCZO or to the public welfare."[11] This conclusion ignores subsection (b) (3), which permits the Board to attach conditions to variances "regarding the location, character and other features of the proposed building, structure or use as it may deem advisable so that the purpose of this chapter will be served, public safety and welfare secured, and substantial justice done."[12]

---

[10] *Ervin Co. v. Brown*, 228 Ga. 14, 15 (183 SE2d 743) (1971).

[11] (Punctuation omitted.)

[12] Putnam County, Ga., Code of Ordinances, § 66-158 (b) (3); see *Daniel Corp. v. Reed*, 291 Ga. 596, 597 (732 SE2d 61) (2012) ("[W]e read the ordinance as a whole according to the natural and most obvious import of the language, without resorting to subtle and forced constructions, for the purpose of either limiting or extending its operation.) (citation and punctuation omitted).

We must "seek to avoid a construction that makes some language mere surplusage."[13] Here, under the plain meaning of its text, § 66-158 allows a variance for an exceptionally narrow, shallow, or "shape[d]" piece of property that was platted of record at the time that Putnam County adopted Chapter 66 in 2007.[14] Because the denial of the variance was based on an error of law, we reverse the superior court's decision.[15]

*Judgment reversed. Barnes, P. J., and Senior Appellate Judge Herbert E. Phipps concur.*

---

[13] (Citation and punctuation omitted.) *Monumedia II v. Dep't of Transp.*, 343 Ga. App. 49, 52 (1) (806 SE2d 215) (2017); accord *DeKalb County v. Post Apt. Homes*, 234 Ga. App. 409, 412 (1) (506 SE2d 899) (1989).

[14] See Putnam County, Ga., Code of Ordinances, § 66-158 (b). See generally Putnam County, Ga., Code of Ordinances § 66-1 et seq. The Appellees appear to concede that the Appellants' lot meets these criteria, as acknowledged by the grant of prior variances. According to the staff recommendation to the Commission, the property "was granted both a lake and sides setback variance on April 7, 2016, due to the narrowness of the lot."

[15] See *Monumedia II*, 343 Ga. App. at 51, 55 (1).